BRACEY ADVERTISING COMPANY, INC. v. NORTH CAROLINA DEPARTMENT OF TRANSPORTATION AND THE BOARD OF TRANSPORTATION

No. 7710SC223

(Filed 7 February 1978)

**Highways and Cartways § 2.1; Statutes § 1— effectiveness of statute contingent upon future event—notice that event occurred—order to remove advertising proper**

G.S. 136-126 *et seq.* gave notice that, upon the happening of certain future events contained in G.S. 136-140, outdoor advertising on specified highways in N.C. would be under the regulation and control of respondents, and the ordinance adopted by respondent on 5 October 1972 declaring 15 October 1972 as the effective date of enforcement constituted notice to those engaged in outdoor advertising on federal-aid primary highways that the contingencies of G.S. 136-140 had occurred; therefore, petitioner who erected outdoor advertis-

ing signs in October 1972 without complying with the standards established by respondents and who filed application for permits for the signs on 14 November 1972 was properly required to remove the signs.

APPEAL by respondents from *Herring, Judge.* Judgment entered 6 December 1976, in Superior Court, WAKE County. Heard in the Court of Appeals 18 January 1978.

In November 1973, Bracey Advertising Company, Inc., petitioner, filed a petition in Wake County Superior Court, seeking judicial review of a 4 October 1973 administrative decision by respondents, the North Carolina Department of Transportation and the Board of Transportation. That decision was composed of (1) a resolution that the provisions of the Outdoor Advertising Control Act became operative on 17 July 1972 and that nineteen outdoor advertising signs of petitioner were unlawful and constituted a nuisance, and (2) an order for petitioner to remove the signs within thirty days.

The trial court, in its judgment, found that a North Carolina Court of Appeals decision, *Days Inn v. Board of Transportation,* 24 N.C. App. 636, 211 S.E. 2d 864, *cert. denied* 287 N.C. 258, 214 S.E. 2d 429 (1975), had held that the Outdoor Advertising Control Act did not become effective on 17 July 1972. It concluded that respondents' resolution and order of 4 October 1973, were, consequently, invalid.

Respondents appeal.

*McLean, Stacy, Henry & McLean, by H. E. Stacy, Jr., and L. J. Britt & Son, by L. J. Britt, Jr., for petitioner appellee.*

*Attorney General Edmisten, by Assistant Attorney General Archie W. Anders, for the State.*

ARNOLD, Judge.

Petitioner asserts that the trial court correctly found that the decision of this Court in *Days Inn* held that the Outdoor Advertising Control Act did not become effective on 17 July 1972 and that we should affirm the court's conclusion that respondents' resolution and order of 4 October 1973 are invalid. Indeed, we do not differ with the trial court's interpretation of *Days Inn* or its conclusion.

However, we do not feel precluded from examining the question of when the Act did become effective. This is the second appeal to reach this Court concerning the effective date of the Outdoor Advertising Control Act, and the record on appeal *sub judice* presents facts which were not reflected in the record of *Days Inn*.

The purpose of the Act is to control the erection and maintenance of outdoor advertising devices in order to promote the safety, convenience and enjoyment of travel and to protect public investment in interstate and primary highways within the State. G.S. 136-127. By its own terms, Article 11 provisions were to have no force or effect "until federal funds are made available to the State for the purpose of carrying out the provisions of this Article, and the Board of Transportation has entered into an agreement with the Secretary of Transportation . . . ." G.S. 136-140.

On 7 January 1972, the State Highway Commission, now the North Carolina Department of Transportation, and the Secretary of Transportation entered into an agreement contemplated by G.S. 136-140. On 17 July 1972, a letter from T. J. Morawski, Division Engineer for the Federal Highway Administration, advised the State Highway Administrator that federal funds had been made available for control of outdoor advertising.

Meanwhile, on 2 March 1972, the State Highway Commission had promulgated an ordinance setting forth standards for the control of outdoor advertising on interstate and federal-aid primary highways. On 5 October 1972, the State Highway Commission revised the 2 March ordinance by changing the effective date for enforcement of the standards to 15 October 1972. This ordinance, along with all others herein pertinent, was filed in the office of the Secretary of State pursuant to Article 18, Chapter 143 of the General Statutes.

On 13 October 1972 petitioner obtained approval from the Robeson County Building Inspector for sign building permits at nineteen locations along an unopened segment of Interstate 95 and erected poles at some of these locations. In two inventories, one conducted on Friday, 13 October 1972, and the second on 16 October 1972, Department of Transportation personnel revealed that there were numerous poles in place at the Interstate 95 loca-

tions. Subsequently, respondents discovered that petitioner had placed three sign facings on poles at three of the locations along Interstate 95. Petitioner filed application for permits, G.S. 136-133, for the nineteen signs on 14 November 1972. In the latter part of November 1972, respondents sent petitioner a formal notification that the three outdoor advertising structures were illegal and that petitioner had thirty days from receipt of notice to remove them.

Petitioner received this notice 1 December 1972, and on 29 December, petitioner filed a petition in Superior Court of Wake County seeking a stay of execution and for judicial review of the administrative decision. On 5 June 1973, judgment was entered, remanding the cause to respondents for proceedings as required by law and holding that respondents' notice to petitioner was null and void.

On 4 October 1973, respondents passed a resolution determining that the provisions of the Act became operative and in full force and effect on 17 July 1972, and that petitioner's nineteen outdoor advertising signs were unlawful and constituted a nuisance. Respondents ordered petitioner to remove the signs within thirty days.

Petitioner then filed the petition in this action seeking judicial review of the 4 October 1973 administrative decision.

This Court pointed out in *Days Inn* that the legislature may enact a statute complete in all respects but which becomes effective upon the happening of future contingencies. It was further pointed out, however, that in order for the State to charge a person with having knowledge of the occurrence of the contingencies, and thus to subject him to the statute, such person must be able to determine by the exercise of reasonable diligence that the contingency has occurred. A party could be charged with notice that the contingency in G.S. 136-140 occurred, according to *Days Inn*, if the respondents adopted an ordinance or resolution declaring that the contingency had occurred and that the statute was in effect.

Here, unlike *Days Inn*, the record reveals that respondents in fact did adopt just such an ordinance on 5 October 1972, declaring that 15 October 1972 would be the effective date of enforcement. Respondents contend that the standards authorized by the Act became effective at such time as petitioner had knowledge of the

happening of the contingencies set out in G.S. 136-140, or on 15 October 1972, whichever occurred first.

Since the ordinance adopted on 5 October 1972, revising the 2 March 1972 ordinance, by its specific terms set 15 October 1972 as the effective date of enforcement respondents cannot maintain an earlier date for enforcement against petitioner, regardless of when petitioner acquired knowledge that the contingencies occurred. However, we agree with respondents' position that as of 15 October 1972 the Act became effective as to petitioner and others.

G.S. 136-126 *et seq.*, gave notice that, upon the happening of certain future events contained in G.S. 136-140, outdoor advertising on specified highways in North Carolina would be under the regulation and control of respondents. The ordinance adopted on 5 October 1972 declaring 15 October 1972 as the effective date of enforcement constituted notice to those engaged in outdoor advertising on federal-aid primary highways that the contingencies of G.S. 136-140 had occurred. Once the ordinance was adopted knowledge of the happening of the statutory contingencies could be determined by reasonable diligence.

Those persons or parties, including petitioner, who erected outdoor advertising devices on or after 15 October 1972 without complying with the established standards did so at their peril. Any billboards or advertising devices so erected are subject to order of removal by respondents.

Accordingly, judgment of the trial court is vacated and the cause remanded for entry of judgment holding that 15 October 1972 is the effective date for enforcement of the Outdoor Advertising Control Act.

Vacated and remanded.

Judges PARKER and MARTIN concur.