ACE-HI, INC. v. DEPARTMENT OF TRANSPORTATION OF THE STATE OF NORTH CAROLINA

No. 8310SC1035

(Filed 4 September 1984)

1. **Highways and Cartways § 2.1— outdoor advertising sign—meaning of violation of control of access**

A Department of Transportation regulation pertaining to revocation of a permit for an outdoor advertising sign for a "violation of the control of access" means either some interference with the fences or other barriers along the right of way or the entrance onto or exit from the highway at other than the officially designated points.

**2. Highways and Cartways § 2.1— outdoor advertising sign permit—revocation for parking on shoulder of highway**

    The General Assembly did not intend, by its delegation of sign permit revocation authority to the Department of Transportation, to confer power on the Department of Transportation to provide for the automatic revocation of a sign permit for any violation of G.S. 136-89.58, and revocation of a sign permit was improper where the evidence showed only that the permittee's truck was parked on the shoulder of an interstate highway in violation of G.S. 136-89.58(5) while its employees were servicing its sign.

APPEAL by petitioner from *John C. Martin, Judge.* Judgment entered 7 July 1983 in Superior Court, WAKE County. Heard in the Court of Appeals 8 June 1984.

*Attorney General Edmisten, by Thomas H. Davis, Jr., for the State.*

*McLean, Stacy, Henry & McLean, P.A., by William S. Mc-Lean, for petitioner-appellant.*

BECTON, Judge.

An outdoor advertiser appeals from summary judgment upholding revocation of a sign permit. Finding error in the application of the governing statutes, and finding the evidence insufficient, we reverse.

I

The Department of Transportation (DOT) issued petitioner Ace-Hi, Inc. (Ace-Hi) a permit to erect and maintain an outdoor advertising sign along an interstate highway. On 16 December 1982 a government official observed an Ace-Hi truck parked on the shoulder of the interstate and Ace-Hi employees servicing the sign. DOT regulations allow revocation of sign permits for, among other things, "unlawful violation of the control of access" along interstate highways. 19A N.C. Admin. Code § 2E .0210(9) (1983). It is unlawful to "willfully damage, remove, climb, cross or breach any fence" erected for access control, or to park on an interstate right-of-way except in emergency or at designated parking areas. N.C. Gen. Stat. § 136-89.58(5), (6) (1981). The DOT's district engineer accordingly revoked Ace-Hi's permit, citing the violation of the regulation and several previous violations. The Secretary of the DOT affirmed the revocation citing the same facts. On appeal, Ace-Hi presented uncontradicted evidence to the Superior

Court that it had never had any prior violations; the violations actually involved another company, *Ace* Sign. Nevertheless, the court granted summary judgment to the DOT, ruling that it was entitled to judgment upholding the Secretary's decision. From this order Ace-Hi appeals.

## II

The parties do not dispute the facts as outlined above. Rather, the case involves only legal questions of proper exercise of authority and of interpretation of statutes and regulations. Consequently the case was ripe for summary disposition, *Kessing v. Nat'l Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971), and on appeal, full appellate review of the legal basis for the judgment is proper. *N.C. Reins. Facility v. N. C. Ins. Guaranty Ass'n*, 67 N.C. App. 359, 313 S.E. 2d 253 (1984).

## III

The Outdoor Advertising Control Act (OACA), codified at N.C. Gen. Stat. §§ 136-126 to -140 (1981 and Supp. 1983), contains its own procedure for judicial review, codified at G.S. § 136-134.1 (1981). Under G.S. § 136-134.1 (1981), an appellant from the decision and order of the Department of Transportation has the right to a hearing *de novo* in the Superior Court of Wake County; therefore, appellant is not limited to the administrative record. *Nat'l Advertising Co. v. Bradshaw*, 48 N.C. App. 10, 268 S.E. 2d 816, *disc. rev. denied*, 301 N.C. 400, 273 S.E. 2d 446 (1980).

Although the scope of review *de novo* is broad, *In re Wright*, 228 N.C. 301, 45 S.E. 2d 370 (1947), the superior court may take action only if the agency decision is "(1) [i]n violation of constitutional provisions; or (2) not made in accordance with [the OACA or the regulations thereunder]; or (3) affected by other error of law." G.S. § 136-134.1 (1981). Thus, the superior court has the implied power to reverse when the evidence does not support the decision. *Nat'l Advertising Co. v. Bradshaw*, 60 N.C. App. 745, 299 S.E. 2d 817 (1983).

On appeal to the superior court, Ace-Hi presented substantial and uncontradicted evidence, beyond that in the administrative record, that it had no prior violations and that the DOT's finding to the contrary was totally unsupported. Rather than make or order new findings, however, the trial court granted summary

judgment to the DOT. It ruled that the DOT was "entitled to a judgment as a matter of law upholding the Decision and Order of the Secretary of Transportation," which decision and order contained the unsupported finding. No other evidence suggesting a different theory was introduced by the DOT. To the extent that the trial court's decision to affirm was based on all three findings of the Secretary, it clearly erred.

IV

Therefore, the court's order was correct only if it disregarded the unsupported finding. This would leave two findings: (1) that the truck had been parked along the interstate and (2) that this violation of access control required revocation of the permit. Are these alone sufficient to justify summary judgment for the DOT?

A

[1] G.S. § 136-133 (1981) requires a permit from the DOT for the erection or maintenance of an outdoor advertising sign. Such permit "shall be valid until revoked for nonconformance with" the OACA or regulations promulgated thereunder. *Id.* G.S. § 136-130(3) (1981) empowers the DOT to promulgate rules and regulations for the issuance of permits and for the administrative procedures for appealing agency decisions to revoke permits. Pursuant thereto, the DOT has promulgated the following regulation, 19A N.C. Admin. Code § 2E .0210 (1983):

> Any valid permit issued for a lawful outdoor advertising structure *shall* be revoked by the appropriate district engineer for any one of the following reasons:
>
> . . . .
>
> (9) unlawful violation of the control of access on interstate, freeway, and other controlled access facilities;. . . . [Emphasis added.]

Ace-Hi allegedly violated "control of access," causing its permit to be revoked. "Control of access" is not defined in the OACA or the regulations; the federal statutes and regulations also do not provide any definition. A "controlled access highway" is defined as one "on which access is permitted only at designated access points." 19 N.C. Admin. Code § 2E .0201(q) (1983). "Access" is

"a way by which a thing or place may be approached or reached."
Webster's Third New International Dictionary 11 (1968). "Control"
is a means of exercising "restraining or directing influence over"
or to "have power over." *Id.* at 496. Clearly, then, "violation of
the control of access" must ordinarily mean either some in-
terference with the fences or other barriers along the right of
way or the entrance onto or exit from the highway at other than
the officially designated points. *See* N.C. Gen. Stat. § 136-89.49(2)
(1981) ("controlled-access facility" defined in terms of "a controlled
right or easement of access"); 23 U.S.C. § 111 (1982) (requiring
federal approval for new points of access). A basic rule of stat-
utory construction is that unless the words used therein have ac-
quired some technical meaning or the context otherwise dictates,
they must be construed in accordance with their common or or-
dinary meaning. *Lafayette Transp. Service, Inc. v. County of
Robeson*, 283 N.C. 494, 196 S.E. 2d 770 (1973). The same rule ap-
plies to administrative regulations. *See States' Rights Democratic
Party v. State Bd. of Elections*, 229 N.C. 179, 49 S.E. 2d 379 (1948)
*and State ex rel. Comm'r of Ins. v. N.C. Rate Bureau*, 300 N.C.
381, 269 S.E. 2d 547 (1980) (both applying rules of statutory con-
struction to regulations); 2 Am. Jur. 2d *Administrative Law*
§ 307, at 135-36 (1962).

We have reviewed the record with extreme care and have
found no evidence (1) that there was an access control fence or
other barrier between the sign and the vehicle or (2) that even if
there was, that Ace-Hi employees had crossed said fence or bar-
rier. The findings relied upon indicate that the *vehicle*, not the
employees, violated control of access. The only evidence relevant
to the vehicle showed simply that it was parked on the shoulder
of the highway, not that it had entered the highway at a non-
designated point or had crossed any fence or other barrier. Under
the common and ordinary meaning of the statute and the regula-
tions, then, the decision of the Superior Court and the DOT can-
not be upheld on the evidence in the record.

B

[2]   The record indicates that during the hearing on the motion
for summary judgment, the DOT "expanded the definition" of un-
lawful violation of control of access to include *any* violation of
G.S. § 136-89.58 (1981). The DOT now argues that summary judg-

ment was accordingly proper, since the truck was parked on the shoulder in violation of G.S. § 136-89.58(5) (1981), which makes it unlawful "To stop, park, or leave standing any vehicle, whether attended or unattended, on any part or portion of the right-of-way of said highways, except in the case of an emergency or as directed by a peace officer, or as [sic] designated parking areas."

When issues of interpretation of statutes or regulations arise, the construction adopted by those who execute and administer them is entitled to consideration. *MacPherson v. City of Asheville*, 283 N.C. 299, 196 S.E. 2d 200 (1973). However, our courts have always stopped short of ascribing controlling weight to such constructions. *See Colonial Pipeline Co. v. Clayton*, 275 N.C. 215, 166 S.E. 2d 671 (1969). The primary task of the courts remains to ascertain and adhere to the intent of the Legislature. *In re Hardy*, 294 N.C. 90, 240 S.E. 2d 367 (1978). We do not believe that the Legislature intended, by its delegation of permit revocation authority to the DOT, to confer such sweeping power as the DOT attempts to exercise here.

A fundamental rule of construction is that when a literal construction of the statute or regulation would contravene its manifest purpose, the reason and purpose will be given effect and the strict letter disregarded. *See In re Banks*, 295 N.C. 236, 244 S.E. 2d 386 (1978). G.S. § 136-133 (1981) provides that a permit "*shall* be valid until revoked for nonconformance" with the OACA or attendant regulations, and the administrative regulation also indicates that permits *shall* be revoked upon nonconformance. 19A N.C. Admin. Code § 2E .0210 (1983) (emphasis added). These provisions, read literally, appear to require automatic and mandatory revocation for any violation of the various grounds of nonconformance. *Id.* In determining whether a particular provision is mandatory or directory, however, the legislative intent must govern; the purpose of the statute, more so than the particular language selected, controls. *N.C. State Art Soc., Inc. v. Bridges*, 235 N.C. 125, 69 S.E. 2d 1 (1952) (interpreting "shall" as only directory under circumstances of case). *See also* 82 C.J.S. *Statutes* § 376, at 869-75 (1953). "The letter killeth, but the spirit maketh alive." 2 Cor. 3:6.

We must determine the legislative intent from the enactment as a whole. *In re Banks*. In the OACA, the General Assembly ex-

pressly found that "outdoor advertising is a *legitimate* commercial use of private property adjacent to roads and highways," and declared its intent to *"promote* the reasonable, orderly and effective display" of outdoor advertising. G.S. § 136-127 (1981). (Emphasis added.) The General Assembly recognized that the right to erect outdoor advertising has some compensable value. G.S. § 136-131 (1981). It took care to provide an extra measure of judicial review of permit revocations. G.S. § 136-134.1 (1981). And, perhaps most importantly, the enforcement provisions confer upon the DOT the options of criminal sanctions in addition to enforced conformance through injunction or removal (revocation of the permit). G.S. § 136-135 (1981). These provisions, read together with the sections under consideration, lead to the conclusion that the General Assembly did not intend that revocation be automatic upon nonconformance, and we adopt this construction.

Consideration of the results attending affirmance of the DOT's position reinforces our holding. If, as DOT contends, the provisions are mandatory and include *any* violation of G.S. § 136-89.58 (1981) absurd and unfair results could follow. For example, it is unlawful to drive upon "any curb" or "dividing line" on said highways. Suppose, for example, that an employee of Ace-Hi, while driving on an interstate around Raleigh, for whatever reason, drove a company truck up onto a curb and off again. Even if no members of the public were in the least inconvenienced or endangered, under the DOT's interpretation *all* Ace-Hi sign permits along Interstate 95 would be subject to revocation. We decline to engage in speculation that might lead to other absurd results. *In re Banks.* Instead, we reaffirm our conclusion, reached earlier, that "violation of control of access" means some interference with the fences or barriers controlling access or some entrance or exit from the highway at a non-designated point. The DOT's insistence on automatic revocation for violation of G.S. § 136-89.58 (1981) under the control of access regulation, and the trial court's adoption of that position in its grant of summary judgment to the DOT, are thus incorrect. The summary judgment for the DOT must therefore be reversed.

V

Since the case is properly in the General Court of Justice for *de novo* review pursuant to G.S. § 136-134.1 (1981), and since

there is no evidence in the record to support revocation of Ace-Hi's permit on any of the grounds enumerated in 19A N.C. Admin. Code § 2E .0210 (1983), it would be pointless to order further proceedings. Therefore, we reverse the order of the Superior Court and remand with instructions for the entry of summary judgment in favor of Ace-Hi.

Reversed and remanded.

Judges HILL and BRASWELL concur.