RALPH C. LUNA, Petitioner-Appellee v. NORTH CAROLINA DEPARTMENT OF ENVIRONMENT AND NATURAL RESOURCES, Respondent-Appellant

No. COA06-1388

(Filed 7 August 2007)

**Environmental Law— solid waste management—illegal disposal of sheetrock—incorrect regulation**

The trial court did not err in a case involving violation of solid waste management statutes by concluding defendant agency erroneously relied upon 15A N.C.A.C. 13B.201(a) in proceeding against plaintiff for the illegal disposal of scrap sheetrock on property owned by another without a permit, because: (1) 15A N.C.A.C. 13B.201(a) does not apply to plaintiff since the regulation applies to owners of land; (2) 15A N.C.A.C. 13B.0106 would be more appropriate to prosecute plaintiff; and (3) even if the finding that plaintiff delivered the sheetrock to the pertinent

property at the express invitation of the landowner was improperly made, the trial court's decision was based upon ownership of the land and not upon whether the sheetrock was placed upon the land with permission.

Appeal by respondent from judgment entered 27 June 2006 by Judge Russell J. Lanier in Onslow County Superior Court. Heard in the Court of Appeals 7 June 2007.

*Attorney General Roy Cooper, by Assistant Attorney General Nancy E. Scott, for respondent-appellant.*

*Jeffrey S. Miller, for petitioner-appellee.*

ELMORE, Judge.

North Carolina Department of Environment and Natural Resources (DENR) appeals from judgment entered 27 June 2006 in favor of Ralph C. Luna.

Luna is the sole proprietor of Drytech Drywall, located in Jacksonville. Luna delivered scrap sheetrock from his drywall contracting business to J.D. Cole of Holly Ridge for use as a soil amendment on Cole's land. Luna delivered scrap sheetrock to Cole's property, with Cole's permission, over a period of eight to ten months prior to June, 2002. Cole has since passed away and did not testify at the administrative hearing.

Around the middle of May, 2002, John Crowder, Solid Waste Management Specialist with DENR's Division of Waste Management, received a complaint about sheetrock that had been dumped on Cole's property. He referred the complaint to Kevin Turner of the Onslow County litter control agency, "Keep Onslow Beautiful."

Turner then called Luna on the phone, asking him to remove the sheetrock. Luna explained to Turner that he hauled sheetrock all over Jones and New Hanover Counties. Luna did not deny that he had disposed of the scrap sheetrock on Cole's property. Luna's defense was that sheetrock, because it is primarily gypsum sulfate, was good for the soil and for crops. Prior to depositing the sheetrock on Cole's property, Luna had been disposing of the scrap sheetrock at the Onslow County Landfill. The tipping fee for disposal of the wallboard at the landfill is between $30 and $35 per ton.

Eventually, Crowder asked Ray Williams, an environmental technician with the Division of Waste Management, to help persuade Luna to clean up the site. Williams telephoned Luna, who refused to give his mailing address, his full name, or the name of his lawyer. When Williams told Luna that he wanted to send Luna some information about removing the material from the site so that Luna could help Cole remove it, Luna reaffirmed that he had no intentions of removing the material.

On 7 April 2003, James C. Coffey issued Luna a compliance order with an administrative penalty of $4,000.00 for violation of 15A N.C.A.C. 13B.0201(a) (2006). Coffey is Chief of the Solid Waste Section of the Division of Waste Management, and has the authority to assess administrative penalties for violations of the solid waste management statutes.

After receiving the violation, Luna filed a petition in a contested case in the office of Administrative Hearings on 8 May 2003. At the administrative hearing, Luna immediately objected to DENR proceeding under 15A N.C.A.C. 13B.0201(a) and protested that the proper section under which DENR should have proceeded, according to its regulations, was 15A N.C.A.C. 13B.0106 (2006). The Administrative Law Judge overruled Luna's objection. On 27 January 2005, the Administrative Law Judge filed her decision that Luna had violated 15A N.C.A.C. 13B.0201(a).

At the Administrative Hearing, Ted Lyon, supervisor of the Composting and Land Application Branch of the Solid Waste Section and a licensed soil scientist, testified as an expert witness. Lyon testified that gypsum wallboard, a technical term for sheetrock, is eighty-five to ninety percent gypsum, which is calcium sulfate and water. The remainder of the wallboard is paper and glue. Calcium and sulfur are both considered plant nutrients in proper amounts.

To be permitted for land application, gypsum wallboard must be pulverized into particle sizes of approximately one-quarter inch so that it may be evenly distributed and available to the crop roots. The general rule of thumb for agronomic application rates in North Carolina is the addition of 200 pounds per acre of calcium and 50 pounds per acre of sulfur. Gypsum is approximately twenty-three percent calcium and eighteen to nineteen percent sulfur. Wallboard is eighty-five percent gypsum; thus one ton of wallboard is about 1700 pounds of gypsum. At twenty-three percent calcium, land application of one ton of wallboard will include 390 pounds of calcium. At eigh-

teen percent sulfur, application of one ton of wallboard will include about 300 pounds of sulfur. The normal application rate for pulverized wallboard in North Carolina soils would therefore be considerably less than one ton per acre.

Lyon also examined photographs of the sheetrock that covered Cole's property. Lyon calculated, using dimensions and depths of the sheetrock given to him by Turner, that the sheetrock deposited on Cole's property amounted to an application rate of 413 tons of gypsum per acre. Lyon testified that the calculated 413 tons of gypsum included about 95 tons of calcium per acre and 74 tons of sulfur per acre. According to Lyon there was far too much sheetrock and the particle sizes were far too big for the site to be an agricultural application of gypsum.

On 28 March 2005, DENR rendered its final agency decision, adopting the decision of the Administrative Law Judge. Luna then petitioned for judicial review in the Onslow County Superior Court on 26 April 2005. The trial court held that DENR erroneously relied upon 15A N.C.A.C. 13B.0201(a) in proceeding against Luna. DENR appealed the decision to this Court.

"Upon reviewing a superior court order affirming or reversing an administrative agency decision, this Court must determine if the trial court applied the appropriate standard of review and, if so, whether the court applied that standard properly." *In re Appeal of HPB Enters.*, 179 N.C. App. 199, 201, 633 S.E.2d 130, 132 (2006) (citation omitted). On judicial review of an administrative agency's final decision, the substantive nature of each assignment of error dictates the standard of review. *N.C. Dept. of Env't & Natural Resources v. Carroll*, 358 N.C. 649, 658, 599 S.E.2d 888, 894 (2004) (citations omitted). Questions of law receive *de novo* review, whereas fact-intensive issues such as sufficiency of the evidence to support an agency's decision are reviewed under the whole-record test. *Id.* at 658-60, 658 S.E.2d at 894-95. Under the *de novo* standard of review, the trial court "consider[s] the matter anew[] and freely substitutes its own judgment for the agency's judgment." *Sutton v. N.C. Dep't of Labor*, 132 N.C. App. 387, 388-89, 511 S.E.2d 340, 341 (1999).

The trial court correctly applied the *de novo* standard of review, because Luna asserted an error of law in the application of 15A N.C.A.C. 13B.0201(a). This Court now applies the *de novo* standard in our review of the trial court's holding that 15A N.C.A.C. 13B.0201(a) does not apply on the facts of the present case.

DENR's first argument is that the trial court erred in failing to apply 15A N.C.A.C. 13B.0201(a). Solid waste management rule 15A N.C.A.C. 13B.0201(a) states:

.0201 PERMIT REQUIRED

(a) No person shall establish or allow to be established on his land, a solid waste management facility, or otherwise treat, store, or dispose of solid waste unless a permit for the facility has been obtained from the Division.

15A N.C.A.C. 13B.0201(a) (2006). The superior court concluded as a matter of law that 15A N.C.A.C.13B.0201(a) does not apply to Luna because the regulation applies to owners of land and Luna did not own the land in question. We agree.

This Court applies the rules of statutory construction in interpreting administrative regulations. *Ace-High, Inc. v. Dept. of Transportation*, 70 N.C. App. 214, 218, 319 S.E.2d 294, 297 (1984). "[S]tatutes dealing with the same subject matter must be construed *in pari materia* and harmonized, if possible, to give effect to each." *Brisson v. Santoriello, M.D., P.A.*, 351 N.C. 589, 595, 528 S.E.2d 568, 571 (2000) (quotations and citation omitted).

DENR would have this Court read 15A N.C.A.C. 13B.0201(a) as: "No person shall . . . dispose of solid waste unless a permit for the facility has been obtained from the Division." 15A N.C.A.C. 13B.0201(a) (2006). However, in order for this reading to make sense, the "solid waste management facility" mentioned earlier in the sentence would have to be different from the "facility" which is the seventh from the last word of the regulation. If the two are actually the same facility then the prepositional phrase "on his own land" qualifies both facilities; basic grammar, as both parties agree, requires this Court to conclude that the phrase qualifies the "solid waste management facility" mentioned in the first part of the sentence. As the prepositional phrase "on his own land" qualifies both facilities, 15A N.C.A.C. 13B.0201(a) simply cannot apply to someone who does not own the land on which they are dumping.

By attempting to argue that the "facility" near the end of the regulation is not the same facility as the "solid waste management facility" mentioned earlier in the sentence, DENR is attempting to avoid the unambiguous language of a statute in order to hold Luna accountable for his actions. DENR has pointed to no case in our appellate courts in which it has successfully prosecuted an individual under

15A N.C.A.C. 13B.0201(a) when that individual did not own the land on which he was dumping. In fact, DENR has not even pointed this Court to one of its own administrative decisions in which it used 15A N.C.A.C. 13B.0201(a) to prosecute an individual in the manner that DENR has chosen here. DENR simply cites, in its brief to this Court, the transcript from the administrative hearing containing testimony from various employees of DENR, stating that the statute could apply in the manner chosen.

Luna admitted several times in his brief to this Court that he violated 15A N.C.A.C. 13B.0106. That regulation states:

.0106 GENERATOR OF SOLID WASTE

(a)  A solid waste generator shall be responsible for the satisfactory storage, collections and disposal of solid waste.

(b)  The solid waste generator shall ensure that his waste is disposed of at a site or facility which is permitted to receive the waste.

15A N.C.A.C. 13B.0106 (2006). It would be more efficient for DENR and more just to those targeted in the administrative process for DENR to prosecute individuals engaged in open dumping under 15A N.C.A.C. 13B.0106, rather than 15A N.C.A.C. 13B.0201(a). Indeed, if 15A N.C.A.C. 13B.0106 does not apply to Luna in this case, there never has been and never will be a case in which 15A N.C.A.C. 13B.0106 would apply to anyone. "[A] statute must be considered as a whole and construed, if possible, so that none of its provisions shall be rendered useless or redundant. It is presumed that the legislature intended each portion to be given full effect and did not intend any provision to be mere surplusage." *R.J. Reynolds Tobacco Co. v. N.C. Dep't of Env't & Natural Res.*, 148 N.C. App. 610, 616, 560 S.E.2d 163, 168 (2002) (quoting *Builders, Inc. v. City of Winston-Salem*, 302 N.C. 550, 556, 276 S.E.2d 443, 447 (1981)) (internal quotations and citations omitted) (alteration in original). Accordingly, we decline to read the regulation as DENR suggests.

Finally, DENR argues that the trial court erred in making a finding that Luna delivered the wallboard to Cole's property "at the express invitation of Mr. Cole[]," as this was not a finding of fact in either the Administrative Law Judge's decision or the Final Agency Decision. However, even if this finding was improperly made, it was irrelevant and immaterial to the superior court's decision, and does not constitute a basis for reversal. The decision of the superior court

was based upon ownership of the land, not upon whether the wallboard was placed upon the land with permission.

While it is clear that Luna's actions are both flagrant and punishable under the environmental regulations set forth by the DENR, that agency must prosecute him under the correct regulation. DENR failed to do so in this case. Accordingly, we affirm the superior court's decision.

Affirmed.

Judges STEELMAN and STROUD concur.