(167) The lessor of the plaintiff in support of his title produced in evidence a deed of bargain and sale to himself from one Thomas Jump, dated 11 January, 1819, for the land in controversy, and proved that after his purchase of the land he took possession of it, and in the latter part of the year 1828 leased it by deed to a Mrs. Skidmore for the term of five years from 1 January, 1829; that Mrs. Skidmore took possession in January, 1829, and in the latter part of the same year her husband leased the said land by deed for the balance of the aforesaid term to Matthew Woodson and Zadoc Halcombe; that Woodson immediately took possession of the land, and that his co-lessee, Halcombe, some time in 1830, sold his interest in the lease to the defendant Alexander, and made a written assignment thereof on the back of the deed of leases. That Woodson continued in possession of the land until some time in the year 1830, when he sold his interest in the land to Zachariah Candler, who took immediate possession of the same, and remained in possession until August, 1831, when a man by the name of Hughey went into possession, and remained so until October, 1834, when this suit was brought. The lessor of the plaintiff then produced an affidavit of the defendant in which he stated that Hughey went into the possession of the land as his tenant, and it appeared that on motion the affiant was admitted to defend this suit as the landlord of Hughey.
The defendant gave in evidence a grant from the State to the aforesaid Zachariah Candler, covering the land in dispute, dated 10 January, 1829, and also a deed for the same land to himself from Candler, dated in August, 1831. He then proved by Candler that he, Candler, purchased *Page 133 
the interest of Woodson in the land in dispute for the purpose of getting into the possession; that Candler sold and conveyed all his interest in the land to the defendant by the deed above stated, and gave up the possession to the defendant in August or September, 1831. That Hughey went into possession the same year, and so continued until the suit was brought.
His Honor instructed the jury that if they believed the evidence of the plaintiff's lessor he was entitled to recover; for it appeared that Candler got into possession of the premises under Woodson; that Candler sold to the defendant, and Hughey as the tenant of the defendant went into the possession of the land before the expiration of (168) the lease to Skidmore, and continued in possession until the expiration of the lease in 1834, and up to the time of bringing suit. That the defendant was estopped to deny the title of the plaintiff's lessor, and could not avail himself of the grant to Candler until he had first surrendered the possession of the premises to the lessor of the plaintiff. The lessor of the plaintiff had a verdict and judgment, and the defendant appealed.
It is a general rule that a tenant shall never be permitted to controvert or raise objections to his landlord's title, which rule extends to all parties claiming under the lessor or lessee; so that the lessee's assignee, or under-tenant, cannot object to the title of the lessor or of his assignee any more than the lessee himself could. Comyn on Landlord and Tenant, 519, and the cases there cited. The distinction between an assignment and a lease depends solely upon the quantity of interest which passes, and not upon the extent of the premises transferred. When, therefore, the lessee of a house for seven years demises part of the house to another for the whole of his term this is not an under-lease, but an assignment pro tanto. Crusoe den. Glencowe v. Bugby, 3 Wilso, 234. Blk. Rep., 766. Comyn on L. and T., 52. The defendant had a moiety of the interest in the term mentioned in the case assigned to himself, and subsequently the other moiety was assigned to Candler. The two assignees entered and held the term as tenants in common. Whereupon the relationship of landlord and tenants immediately took place between the lessor and them. Candler and the defendant, by the assignment of the term to them, were privies in estate in the term covered by the original deed of lease, and each was estopped by that deed to controvert the lessor's title, before he surrendered the possession to the lessor. Co. Litt., 352, a. Brireton v.Evans. Cro. Eliz., 700. Hudson v. Robinson, 4 Maul and Selwin, 485. Where a party is estopped by his deed, all persons claiming under it through him are equally bound by the *Page 134 
(169) estoppel. Stowe v. Wyse, 7 Conn. Rep, 214. The defendant as to a moiety was estopped, being as to this part an assignee of the lease; and as to the other moiety, he could not be permitted to set up any defense to this action under a conveyance from Candler, because his grantor at the date of that deed was equally estopped to dispute the lessor's title, which estoppel bound the grantee. We think the judgment must be affirmed.
PER CURIAM. Judgment affirmed.
Cited: Farmer v. Pickens, 83 N.C. 552; Pate v. Turner, 94 N.C. 55;Alexander v. Gibson, 118, N.C. 806.
(170)