John Copland *vs.* Thomas A. Parker, Philo Parsons and Waldo M. Johnson.

John Copland *vs.* Thomas A. Parker, Philo Parsons and Waldo M. Johnson.

A covenant by the lessee, not to transfer the lease without the consent of the lessor, does not inhibit a sub-letting by the lessee.

Error to Wayne Circuit.

This was an action commenced before the Circuit Court Commissioner of Wayne County, under Chapter 123, of the Revised Statutes, to obtain possession of certain leased premises, because of an alleged breach of condition.; taken on appeal to the said Circuit Court, where it was tried by a jury, and brought into this Court on exceptions to the charge of the Court.

The plaintiff gave in evidence a certain written lease, under seal, of a certain brick store in Detroit, executed by said plaintiff to Parsons, one of the defendants, and Galen M. Fisher, their executors, etc., for five years, at a certain rent per annum; said lease containing the usual covenants, and this further additional covenant by the lessees, viz.: "And it is further agreed by the parties of the second part, not to transfer this lease without the consent of the party of the first part."

The plaintiff further proved, that for two years after the date of the lease, the defendants, Parsons & Johnson, were doing business in said store; and that, after that time, the defendant, Parker, had been in possession of the three lower stories of said store, and the cellar under Parsons & Johnson, as their tenants; Parsons & Johnson retaining possession of the fourth story; and, thereupon, plaintiff rested.

And no evidence being adduced by the defendants, the Circuit Court charged the jury that the covenant, or agreement aforesaid, in said lease, was against a *sub-letting* on the part of the lessees therein named, and not merely against an *assignment* of said lease, and that if they believed the defendant Parker went into possession under Parsons & Johnson, this was evidence tending to show a sub-letting in violation of said covenant or agreement. To which instruction the said defendants, by their counsel, thereupon excepted, and brought this writ of error.

*Walkers & Russell*, for defendants.

There was error in charging that a covenant restraining a transfer of the lease inhibited a sub-letting. A sub-letting is no breach of a covenant against an assignment, because the original lessee still continues the tenant, the relation of landlord and tenant remains unchanged, and the landlord can still rely upon the responsibility and personal character which may have induced the making of the lease and the covenant. (*Kinnersly* vs. *Orpe*, 1 *Doug.*, 57 ; *Crusoe* vs. *Bugby*, 2 *W. Bl.*, 766; *S. C.*, 3 *Wils.*, 234; *Greenway* vs. *Adams*, 12 *Ves.*, 395 [*Ld. Eldon*]; *Church* vs. *Brown*, 15 *Ves.*, 258; *Doe* vs. *Carter*, 8 *T. R.*, 57; *Jackson* vs. *Harrison*, 17 *Johns.*, 66; *Jackson* vs. *Silvernail*, 15 *Johns.*, 278; *Wheeler* vs. *Hill*, 4 *Shepl.*, 354; 1 *Saund.*, 288 *a* [n] *s;* *Tayl. L. & T.*, 264; *Ad. Eject.*, 201 [177], [*ca. cit. and notes.*])

The distinction between assignment and under-letting, is broad and well defined. An assignment conveys the tenant's whole estate, which is his entire interest in all the premises. The cases establish that a leasing by the tenant of part of the premises, for the whole, or a part of the time, or the whole of the premises for a part of the time, is a mere sub-letting, and not an assignment. (*See Campbell* vs. *Stetson*, 3 *Meto.*, 504;

*Cox* vs. *Fenwick*, 4 *Bibb*, 538; *Fulton* vs. *Stuart*, 2 *Ham.*, 125; 4 *Kent Com.*, 96.)

*J. V. Campbell*, for plaintiff.

1. As to the Parker lease.

The presumption, when a party is found in possession, is that he is an assignee. (*Acker* vs. *Witherell*, 4 *Hill*, 112; *Williams* vs. *Woodward*, 2 *Wend.*, 487.)

And where a part of the premises only are demised, it is still an assignment, if the whole interest in that part passes. (*Childs* vs. *Clark*, 3 *Barb. Ch. R.*, 643.)

A colorable reservation or evasion, will not change the true character of the transaction. It is no breach of a covenant not to asssign, if the Sheriff sells on execution. But if the judgment was confessed and levy made at the instance of the lessee, it is a fraudulent evasion, and amounts to a breach. (*Doe* vs. *Carter*, 8 *Term R.*, 300; *Doe* vs. *Hawke*, 2 *East. R.*, 480.)

And the doctrine of modern times is, that a lease is to be construed like any other agreement, and without straining the law on either side. (*Doe* vs. *Elsam*, 1 *M. and Malk.*, 180.)

This Court has already decided that a reservation of a portion, where the principal premises are demised, does not change the real nature of the transaction, but makes it an assignment instead of a sub-lease. (*Lee* vs. *Payne*, *ante* 106.)

This was a lease of a *store*. Parker has the store, the cellar, and every story but the loft. No right of ingress or egress is shown to be reserved, and no actual use is shown of the loft. It is a transparent evasion, and not to be countenanced.

It is further to be observed, that when a sub-lease is said not to be a breach of a covenant not to assign, it is generally

at least a sub-lease *for a less term*, and where the original lessee retains the reversion in the term.

2. But there can be no question touching the transaction whereby Johnson came in. A lease to two persons is *joint*, and no right can accrue to a third person without their common consent. Here, Parsons becomes by the transaction a co-tenant with Johnson, instead of Fisher. This can only be by an assignment from Fisher to Johnson, or by joint assignments. But, in either case, the transfer is absolute.

An assignment by one of several lessees, is as clearly a breach as if all assigned. (*Leeds* vs. *Compton*, 1 *Roll.*, 472; 1 *Cro.*, 816; *Dumpor's case*, 1 *Smith Lead. Ca.*, 80; 4 *Kent Com.*, 124.)

The cause was decided orally, the Court holding that the sub-letting was not an assignment, and ordered a new trial.