### J. D. CORNELL MILLINERY CO. v. LITTLE-LONG CO., ET AL.

#### (Filed 8 May, 1929.)

**Landlord and Tenant D b—Subleasing for shorter term than original lease does not breach condition not to sell or assign.**

> A condition in the lease of a store that the lessee should not sell or assign the lease without the consent of the lessor is not violated by the lessee's subletting for a shorter period than the unexpired term specified in the original lease without the lessor's consent, the words "sell or assign" not excluding a sublease, the status between the lessor and the original lessee remaining unchanged by the sublease made by the latter.

APPEAL by plaintiff from *Townsend, Special Judge,* at November Special Term, 1928, of MECKLENBURG.

Civil action to recover damages (1) for an alleged unlawful conspiracy among the defendants to destroy plaintiff's business; and (2) for an alleged wrongful eviction from premises leased by the plaintiff.

The evidence tends to show that in April, 1924, the Little-Long Company leased to Cornell Millinery Company (Ohio corporation) a space 50 by 25 feet across the rear of the second story of its store building, located in the city of Charlotte, for a period of five years, beginning 1 August, 1924, and ending 31 July, 1929. The lease, among other things, contained the following covenant: "Also lessee is not to sell or assign this lease or any part thereof without the consent of the lessor."

On 7 April, 1926, Cornell Millinery Company sublet the premises to the plaintiff, J. D. Cornell Millinery Company (New York corporation), for a term ending 30 June, 1929, that is to say, for a term shorter by one month than the original lease. S. Lipinsky Sons & Company succeeded to the rights of the Little-Long Company, and it is contended that neither the Little-Long Company nor S. Lipinsky Sons & Company ever assented to the subleasing or assignment of the premises.

On this phase of the case, the court instructed the jury as follows: "The instrument, gentlemen, offered in evidence as the sublease between the Cornell Millinery Company and the J. D. Cornell Millinery Company would constitute an assignment of a part of the lease or would come within the meaning of the provisions which I have read to you and unless it was either expressly or impliedly assented to and acquiesced in by the Little-Long Company and S. Lipinsky Sons Company or some one authorized to act in their behalf, such a sublease would not be effective to transfer the premises or any interest therein; and the burden is on the plaintiff to satisfy you by the greater weight of the evidence, first, as to the fact of the assignment, and second, as to the fact of the assent of the Little-Long Company, either expressed or implied. If the plaintiff has failed to so satisfy you, it would be your duty to answer the issue 'No.'" Exception by plaintiff.

It was in evidence that Cornell Millinery Company, the Ohio corporation, discontinued its corporate existence some time in March or April, 1926, prior to the incorporation of J. D. Cornell Millinery Company, the New York corporation, on 25 May, 1926. From this evidence, it was contended that no valid assignment or under-lease was or could have been made to the plaintiff by the original lessee.

On the alleged cause of action for conspiracy, judgment as in case of nonsuit was entered at the close of the evidence; and on the alleged cause of action for wrongful eviction on the part of Little-Long Company and S. Lipinsky Sons & Company, the jury returned a verdict in favor of the defendants.

Plaintiff appeals, assigning errors.

*W. T. Shore, Chase Brenizer, John Paul Trotter and Biggs & Broughton for plaintiff.*

*Merrimon, Adams & Adams and Thomas C. Guthrie for defendants other than W. T. Grant Co.*

*John Newitt for defendant, W. T. Grant Co.*

STACY, C. J., after stating the case: Is a covenant in a 5-year lease "not to sell or assign this lease or any part thereof without consent of lessor" violated by a subletting of the premises, without the consent of the lessor, for a period shorter by one month than the unexpired portion of the original term? We think not. 16 R. C. L., 832.

A covenant in a lease against sale or assignment is *stricti juris,* and it is the general holding that a subletting of the demised premises by the lessee is not a breach of such restriction, because the relation of landlord and tenant between the original lessor and lessee still exists and remains unchanged. *Hargrave v. King,* 40 N. C., 430; *Copeland v. Parker,* 4 Mich., 660; note, 14 L. R. A. (N. S.), 1200; 35 C. J., 982.

"The distinction between an assignment and a lease depends solely upon the quantity of interest which passes, and not upon the extent of the premises transferred. When, therefore, the lessee of a house for seven years demises *part* of the house to another for the *whole* of his term, this is not an under-lease, but an assignment *pro tanto.*"—*Daniel, J.,* in *Lunsford v. Alexander,* 20 N. C., 166.

An assignment creates no new estate, while a sublease does. *Collins v. Hasbrouck,* 56 N. Y., 157, 15 Am. Rep., 407. If a lessee convey or transfer his entire interest in the demised premises, without retaining any reversionary interest therein, a sale or assignment takes place; but if he reserve to himself a reversion of some portion of the term, a sublease and not a sale or assignment is made. *Murdock v. Fishel,* 121 N. Y. Sup., 626; *Banking Co. v. Tobin,* 104 Minn., 333, 116 N. W., 838. "An assignment of a lease passes the whole estate of the lessee; a lease, a less estate than the lessor had." *Waters v. Roberts,* 89 N. C., 145. The reservation by the lessee, therefore, of some portion of the term would seem to be the chief distinction between a sublease and a sale or assignment. *Collins v. Hasbrouck, supra.*

The difference is well illustrated by the decision in *Jackson v. Harrison,* 17 Johns, 66, where it was held that a covenant prohibiting the sale or assignment of a leasehold estate was not violated by an act of the lessee which fell short of divesting his whole legal estate. As stated in the head-note: "Where a lease for the term of seven years, contains a condition that the lessee should not 'assign over, or otherwise part with, the indenture, or the premises thereby leased, or any part thereof, to any person,' etc., and a clause of reëntry, and of forfeiture, for a breach of the condition, no forfeiture is incurred by an underletting for two years, or a period short of the whole term; as the words of the condition are to be construed to mean an assignment of the premises, or a part of them, for the whole term."

Again in *Jackson v. Silvernail,* 15 Johns., 278, it was held (as stated in the head note) : "Where a lessee for lives covenanted not 'to sell, dispose of, or assign his estate in the demised premises,' without the permission of the lessor, etc., and the lease contained a clause of forfeiture for the nonperformance of covenants, it was held, that a lease of part of the premises by the lessee for 20 years, was not such a breach of the covenant as would work a forfeiture; and that nothing short of an assignment of his whole estate by the lessee would produce a forfeiture of the lease."

In the leading English case of *Crusoe v. Bugby,* 3 Wilson, 234, 2 Bl. Rep., 766, a tenant for twenty-one years covenanted "not to assign, transfer or set-over, or otherwise do or put away the premises or any part thereof" without permission of the landlord. Afterwards the lessee

sublet the premises for fourteen years. It was held that there was no breach of the covenant, on the ground that the demise for fourteen years was an underlease, and not an assignment. And it was observed that the landlord, if he so desired, might have provided against a change of possession, as well as against an assignment, but that he had not done so in language admitting of no other meaning, and that "assign, transfer and set-over," were mere words of assignment, and "otherwise do or put away," as there used, meant any other mode of getting rid of the whole interest and would not be held to prohibit the making of an under-lease.

Applying these principles to the instant case, we think the trial court erred in its peremptory instruction to the jury that a sublease of the premises for less than the full term constituted an assignment of a part of the lease. The words "sell or assign" do not include an underlease, and "any part thereof," as used in the restriction, would seem to refer only to a sale or assignment of some part of the lease. This entitles the plaintiff to a new trial as against the Little-Long Company and S. Lipinsky Sons & Company, but as against the other defendants, the judgment of nonsuit would seem to be correct.

It is not conceded by the defendants that the plaintiff ever had a valid subsisting lease for the premises in question, even though the covenant in the original lease may not restrain the lessee from renting to an under-tenant. The plaintiff, on the other hand, contends that, even if there had been a breach of the covenant, or an invalid lease executed by the lessee, the defendants have duly recognized the sublease and are now estopped to deny its validity. But these are matters to be tried out on another hearing.

New trial.