NORTHSIDE STATION ASSOCIATES PARTNERSHIP v. MADDRY

[105 N.C. App. 384 (1992)]

There is a sharp difference between reading from a transcript which, according to sworn testimony, records the exact words used by an accused, and reading a memorandum that purports to be an interpretive narration of what the officer understood to be the purport of statements made by the accused.

*Id.* at 141, 152 S.E.2d at 138.

In the present case, Trooper Hinnant testified that his notes were a verbatim record of the questions and answers between he and defendant. We liken the present case to the facts in *State v. Cole*, 293 N.C. 328, 327 S.E.2d 814 (1977), in which the Supreme Court upheld the admissibility of defendant's unsigned written statement. As in *Cole*, the statement in question was taken down in longhand in defendant's own words by an officer and was not merely the officer's impression of the import of defendant's statements. Under these circumstances, we hold the trial court did not err in allowing Trooper Hinnant to read his notes to the jury. Defendant's assignment of error is without merit.

Defendant had a fair trial free from prejudicial error.

No error.

Judges WELLS and JOHNSON concur.

─────────────

NORTHSIDE STATION ASSOCIATES PARTNERSHIP v. CAROLYN MADDRY

No. 9110DC86

(Filed 18 February 1992)

**Landlord and Tenant § 11 (NCI3d) — transfer of leasehold interest — partial assignment — privity of estate**

The trial court erred by granting defendant's motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6) where plaintiffs filed an action seeking past-due rent and damages related to defendant's occupation of a rental space; plaintiffs alleged that defendant entered into an agreement entitled "Sublease Agreement" with the original tenants for the space, the Hryniuks; and the court found in its order dismissing the action that the Agreement is a sublease and concluded that no privity

NORTHSIDE STATION ASSOCIATES PARTNERSHIP v. MADDRY

[105 N.C. App. 384 (1992)]

of contract exists between plaintiffs and defendant. North Carolina courts have adopted the traditional "bright line" test for determining whether a conveyance by a tenant of leased premises is an assignment or a sublease: a conveyance is an assignment if the tenant conveys its entire interest in the premises without retaining any reversionary interest in the term itself, while a sublease is a conveyance in which the tenant retains a reversion in some portion of the original lease, however short. Here, Stanley Hryniuk conveyed to Maddry his entire interest in the premises without retaining any reversionary interest in the term itself and the transfer is an assignment, though a partial one because Margaret Hryniuk did not convey her interest in the leased premises. Privity of estate exists between plaintiff Northside and defendant Maddry, allowing Northside to assert a direct claim against Maddry on the original lease covenants that run with the land.

**Am Jur 2d, Landlord and Tenant §§ 452, 463.**

Judge WYNN concurring.

APPEAL by plaintiff from order entered 24 October 1990 in WAKE County District Court by *Judge Fred M. Morelock.* Heard in the Court of Appeals 5 November 1991.

*Merriman, Nicholls & Crampton, P.A., by R. Daniel Brady, for plaintiff-appellant.*

*Brady, Schilawski, Earls and Ingram, by John Randolph Ingram II, for defendant-appellee.*

GREENE, Judge.

Plaintiff appeals from an order entered 24 October 1990 dismissing plaintiff's claim against defendant on the ground that it fails to state a claim upon which relief can be granted, N.C.G.S. § 1A-1, Rule 12(b)(6) (1990).

Plaintiff Northside Station Associates Limited Partnership (Northside) instituted this action against defendant Carolyn Maddry (Maddry) seeking past-due rent and damages related to Maddry's occupation of a rental space at a shopping center in Cary, North Carolina, of which Northside is landlord. Northside alleges that Maddry entered into an agreement entitled "Sublease Agreement" (the Agreement) with the original tenants of the space, Stanley

and Margaret Hryniuk d/b/a The Video Shoppe, and with the consent of Northside. Under the terms of the original Lease Agreement between the Hryniuks and Northside, which is attached to Northside's complaint as an exhibit, a tenant who remains in possession of the premises after the expiration of the lease and without execution of a new lease shall be deemed a tenant from month to month at a rental equal to the rental amount provided in the lease plus fifty percent of such amount.

Northside alleges that Maddry agreed to lease the rental space as "Subtenant" in accordance with the terms of the Agreement, which is also attached to Northside's complaint as an exhibit. The Agreement contains the following pertinent provisions: 1) that Subtenant agrees to lease the space "upon the terms and conditions set forth in the original Lease Agreement, dated September 1, 1987, between Landlord [Northside] and Tenant [The Video Shoppe]"; 2) that the "Sublease Agreement and underlying lease will expire at 11:59 p.m., Friday, June 30, 1989"; 3) that Subtenant agrees to pay to tenant monthly rent in escalating amounts (all of which were less than the rent of $1296.25 per month specified in the original Lease Agreement); 4) that Subtenant will pay directly to Landlord Northside charges for water and sewer; and 5) that "Tenant, Subtenant, and Landlord agree not to divulge or discuss to any Tenant, customer or any individual, the amount of rent payments between the Tenant and Subtenant." The Agreement ends with the following "Signatures of Agreement": Landlord Northside Station, by Edward C. Reeves; Tenant The Video Shoppe, by Stanley J. Hryniuk; and Subtenant The Floral Emporium, by Carolyn Maddry. Margaret Hryniuk did not sign the Agreement.

Northside alleges that it leased the space at issue to Maddry beginning on 1 February 1989 and that Northside's performance under the Agreement was rendered in a satisfactory manner. Northside further alleges that, upon expiration of the Agreement on 30 June 1989, Northside proposed a new lease to Maddry to begin on 1 July 1989, that Maddry never signed the new lease, and that, despite demands made by Northside, Maddry has refused to pay the amounts due Northside for rent and has refused to execute a new lease. Northside alleges that, under the terms of the original Lease Agreement, Maddry, by virtue of her failure to execute a new lease and her continued occupation of the premises, is deemed a tenant from month to month at a rental amount equal to the amount specified in the original Lease Agreement plus 50

NORTHSIDE STATION ASSOCIATES PARTNERSHIP v. MADDRY

[105 N.C. App. 384 (1992)]

percent of that amount, and that Northside is entitled to interest on the rental due and to attorney's fees.

Maddry moved to dismiss Northside's complaint under N.C.G.S. § 1A-1, Rule 12(b)(6) (1990), which motion was granted. The trial court in its order found that the Agreement is a sublease and concluded that no privity of contract exists between Northside and Maddry and that, therefore, Maddry's motion to dismiss should be allowed.

Northside seeks reversal of the trial court's order and advances in this Court the following arguments: 1) that the Agreement is an assignment and not a sublease since the tenant reserved no portion of the original lease term and that, therefore, Northside has a direct action against Maddry; 2) that Maddry is liable to Northside under N.C.G.S. § 42-4 (1984), which provides that any person who occupies land of another with permission, without any express agreement for rent, is liable to the landlord for a reasonable compensation for such occupation; 3) that because Maddry agreed to lease the rental space under the terms and conditions of the original Lease Agreement, that Northside is a third party beneficiary of the Agreement, without respect to the issue of privity; 4) that Maddry is liable to Northside as a tenant at will or a tenant at sufferance; and 5) that Maddry is liable to Northside because she agreed that Northside is entitled to receive her rental payments.

Of Northside's contentions, we address only the question of whether the claim is supported on the assignment theory, because Northside's alternative theories are not adequately alleged in its complaint. The inadequacy of the allegations results from Northside's failure to assert in its complaint the substantive elements of the law on which Northside bases these additional claims. *Sutton v. Duke*, 277 N.C. 94, 105, 176 S.E.2d 161, 167 (1970). For example, Northside's complaint does not properly assert a third party beneficiary theory of recovery because the complaint does not allege that the conveyance to Maddry was for the direct benefit of Northside. *See United Leasing Corp. v. Miller*, 45 N.C. App. 400, 405-06, 263 S.E.2d 313, 317, *disc. rev. denied*, 300 N.C. 374, 267 S.E.2d 685 (1980). Northside's remaining allegations are similarly deficient. Its complaint, liberally construed, gives notice only of Northside's assignment theory.

NORTHSIDE STATION ASSOCIATES PARTNERSHIP v. MADDRY

[105 N.C. App. 384 (1992)]

The dispositive issue is whether an agreement in which a co-tenant transfers his one-half undivided interest in leased premises for the balance of the original lease term, reserving no part thereof unto himself, is a sublease or an assignment.

We dispose at the outset of Maddry's contention that Northside's "repeated allegations" in its complaint that the Agreement is a sublease precludes Northside from arguing on appeal that the Agreement is an assignment. Northside makes no allegation in its complaint that the Agreement is either an assignment or a sublease — it simply refers to the Agreement by its title, "Sublease Agreement," and to the parties in the same manner as they are denominated in the Agreement.

With regard to the substantive issue of whether the Agreement is an assignment or a sublease, Maddry argues that other factors, in particular the intent of the parties, should be considered in determining whether the Agreement is an assignment or a sublease. Maddry suggests that the Agreement itself reveals that the parties intended a sublease in light of the fact that the Agreement is entitled "Sublease Agreement" and in it Maddry is referred to as "Subtenant." We are aware that some jurisdictions have held that the intent of the parties, as gathered from the document of transfer, is the determining factor in distinguishing an assignment from a sublease. See, e.g., Jaber v. Miller, 239 S.W.2d 760 (Ark. 1951); 2 Richard R. Powell, Powell on Real Property § 248[2][a] (1991). However, North Carolina and the majority of jurisdictions do not recognize this "intent of the parties" test. Instead, our courts have adopted the traditional "bright line" test for determining whether a conveyance by a tenant of leased premises is an assignment or a sublease. Under this test, a conveyance is an assignment if the tenant conveys his "entire interest in the premises, without retaining any reversionary interest in the term itself." Patrick K. Hetrick & James B. McLaughlin, Jr., Webster's Real Estate Law in North Carolina § 241 (3d ed. 1988) (hereinafter Hetrick). A sublease, on the other hand, is a conveyance in which the tenant retains a reversion in some portion of the original lease term, however short. Id.; see also Neal v. Craig Brown, Inc., 86 N.C. App. 157, 162, 356 S.E.2d 912, 915, disc. rev. denied, 320 N.C. 794, 361 S.E.2d 80 (1987) (citing with approval the distinction between sublease and assignment set forth in Hetrick, supra); J.D. Cornell Millinery Co. v. Little-Long Co., 197 N.C. 168, 170, 148 S.E. 26, 27 (1929) ("The reservation by the lessee . . . of some

portion of the term [is] the chief distinction between a sublease and an assignment."); *accord* 3A George W. Thompson, Thompson on Real Property § 1210 (1981) (hereinafter *Thompson*) (a transfer is not a subletting unless the transferor retains a reversionary interest). If the conveyance is an assignment, "privity of estate" is created between the original lessor and the assignee with regard to lease covenants that run with the land, and the original lessor has a right of action directly against the assignee. *Hetrick* at § 241. The original lessor has no such right against a sublessee. *Id.*

Northside's complaint and accompanying exhibits reveal that Stanley Hryniuk, as co-tenant with Margaret Hryniuk in a lease with Northside which was to expire at 11:59 p.m. on 30 June 1989, transferred all of his interest in the leased premises to Maddry in an agreement which was to expire at 11:59 p.m. on 30 June 1989. In other words, Stanley Hryniuk as a co-tenant conveyed to Maddry *his* entire interest in the premises, without retaining any reversionary interest in the term itself. Where only one co-tenant of leased premises transfers his interest in the premises, and the transfer is for the balance of the term of the original lease, it is an assignment, though a partial one. Restatement (Second) of Property § 15.1 cmt. i (1977); *accord Thompson* at § 1219; *cf. Cornell Millinery*, 197 N.C. at 170, 148 S.E. at 27 (distinction between assignment and sublease depends solely on quantity of lessee's interest and not upon the extent of the premises transferred). Thus, the fact that Margaret Hryniuk did not convey her interest in the leased premises is not material to the issue of whether Stanley Hryniuk's transfer is a sublease or an assignment. Her failure to convey her interest to Maddry may, however, be material to the question of the degree of Maddry's liability to Northside. *See Thompson* at § 1219 (partial assignee liable to landlord for rent only in proportion to his interest in the premises).

For the foregoing reasons, we hold that the Agreement is a partial assignment. Therefore, privity of estate exists between Northside and Maddry, allowing Northside to assert a direct claim against Maddry on the original lease covenants that run with the land. Because payment of rent is a lease covenant that runs with the land, *see Hetrick* at § 251, the trial court's granting of Maddry's motion to dismiss was error.

Reversed and remanded.

Judge PARKER concurs.

Judge WYNN concurs with separate opinion.

Judge WYNN concurring.

I agree with the majority to the extent of concluding that the complaint of the plaintiff in this action *alleges* that there was an assignment of the leased premises to the defendant. As such, it states a claim upon which relief can be granted, and the dismissal of this cause of action under Rule 12(b)(6) was error. Accordingly, I would not make a determination as to whether in fact this agreement was an assignment, but rather, would remand to the trial court for trial of plaintiff's alleged cause of action.