CAROLINA PLACE JOINT VENTURE v. FLAMERS CHARBURGERS, INC.

[145 N.C. App. 691 (2001)]

No. COA00-506

(Filed 21 August 2001)

**Appeal and Error— dismissal of appeal—failure to timely file brief—failure to reference assignments of error**

Defendants' appeal from an order and judgment granting plaintiff's motion for summary judgment under N.C.G.S. § 1A-1, Rule 56 and awarding plaintiff damages for unpaid rent, unpaid double rent, and other costs arising from defendants' default on the pertinent lease agreement is dismissed, because: (1) one defendant failed to file an appellate brief and the other defendant submitted its brief after the proper deadline in violation of N.C. R. App. P. 13(c); and (2) the defendant filing the late brief failed to reference the assignments of error as required by N.C. R. App. P. 28(b)(5).

Judge Timmons-Goodson concurring in part and dissenting in part.

**CAROLINA PLACE JOINT VENTURE v. FLAMERS CHARBURGERS, INC.**

[145 N.C. App. 691 (2001)]

Appeal by defendants from order and judgment entered 20 January 2000 by Judge Jesse B. Caldwell, III in Mecklenburg County Superior Court.[1] Heard in the Court of Appeals 5 June 2001.

*No brief filed for defendant-appellant Flamers Charburgers, Inc.*

*Parker, Poe, Adams & Bernstein L.L.P., by John W. Francisco, for defendant-appellant F.A. International.*

BRYANT, Judge.

On 21 January 1999, plaintiff filed a complaint demanding judgment for all rent, interest and fees owed from defendants' default on a lease agreement between plaintiff and defendants for certain commercial property; attorney fees incurred in enforcement of the lease; and such other relief as the court deemed just and proper. This matter came for hearing before the Honorable Jesse B. Caldwell, Judge Presiding, during the 10 January 2000 Civil Session of Superior Court for Mecklenburg County.

An order and judgment was entered on 20 January 2000 granting plaintiff's motion for summary judgment pursuant to N.C. R. Civ. P. 56 and awarding plaintiff damages for unpaid rent, unpaid double rent and other costs arising from defendants' default on the lease agreement. The defendants filed notices of appeal on 16 February 2000.

Plaintiff seeks to dismiss defendants' appeals on two grounds: 1) defendant Flamers Charburgers, Inc. d/b/a Flamers Charbroiled Hamburgers (Flamers) did not file a brief on appeal, and 2) defendant F.A. International, Inc. (FAI) allegedly filed its brief late and failed to reference and departed from its assignments of error in its appellate brief. We grant plaintiff's motion and dismiss this appeal.

N.C. R. App. P. 13(c) (2001) states, "[i]f an appellant fails to file and serve his brief within the time allowed, the appeal may be dismissed on motion of an appellee or on the court's own initiative." The facts indicate that in addition to defendant Flamers failing to submit an appellate brief, defendant FAI submitted its appellate brief after the proper deadline. *See* N.C. R. App. P. 13(a)(1) (2001) (stating that

---

1. By order entered 19 January 2001 the Court allowed cases COA00-506, COA00-745, and COA00-1231 to be consolidated for purposes of hearing only. Companion cases COA00-745 and COA00-1231 have been consolidated for decision in a separate opinion.

an appellant has "30 days after the clerk of the appellate court has mailed the printed record to the parties" to file the appellate brief). In the case *sub judice*, the Clerk of the Court of Appeals mailed the printed record to the parties on 23 May 2000. Defendant FAI did not file its brief until 27 June 2000—several days after the proper deadline. Therefore, we dismiss defendants' appeal.

Further, defendant FAI failed to reference the assignments of error in its appellate brief in violation of N.C. R. App. P. 28(b)(5). N.C. R. App. P. 28(b)(5) (2001) ("Immediately following each question shall be a reference to the assignments of error pertinent to the question . . . [a]ssignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated . . . will be taken as abandoned."). This failure alone subjects defendant FAI's appeal to dismissal as FAI is deemed to have abandoned these arguments. *See Hines v. Arnold*, 103 N.C. App. 31, 37-38, 404 S.E.2d 179, 183 (1991) ("[W]e do not address the merits of the plaintiff's argument regarding alleged fraudulent conveyances because she violated N.C. R. App. P. 28(b)(5) in that she failed to reference in her brief the assignments of error supporting the argument. This part of the plaintiff's appeal is dismissed." (citation omitted)).

For all the reasons stated above, we dismiss defendants' appeal.

DISMISSED.

Judge GREENE concurs.

Judge TIMMONS-GOODSON concurs in part and dissents in part with separate opinion.

TIMMONS-GOODSON, Judge, concurring in part, dissenting in part.

I vote to exercise our discretion under Rule 2 and review the issue of the sublease on the merits. The two violations of our rules are minor and no prejudice has resulted to any party. I agree with the majority concerning the trial court's ruling granting summary judgment in favor of plaintiff, Carolina Place Joint Venture ("Carolina Place"), and awarding damages against defendant, Flamers Charburgers, Inc. ("Flamers"). However, I respectfully dissent from the order of the trial court granting summary judgment in favor of Carolina Place against third-party defendant, F.A. International

("FAI"). Based on the merits, the trial court should have granted summary judgment in favor of FAI.

Carolina Place instituted this action against Flamers and FAI seeking all past and future rent owed under the lease. Flamers entered into a ten-year lease with landlord, Carolina Place, for space in the food court in a Charlotte mall. The lease term began on 1 August 1991 and was set to expire on 1 August 2001. FAI was not a party to the original lease. Flamers sublet the space to FAI through a sublease which began 20 September 1994 and was set to expire 7 March 2001.

The original lease between Carolina Place and Flamers provided that in the event that Carolina Place terminated Flamers' right to possession, but not the lease, Flamers would be held liable for 1) all past-due rent; 2) remaining rent due under the lease until the space was re-let; 3) attorney's fees and expenses incurred by Carolina Place in regaining possession; 4) all costs to re-let; 5) "double-rent" for any holdover period during which Flamers remained in possession after Carolina Place terminated such possession.

Carolina Place filed an action in summary ejectment against Flamers and FAI for failure to comply with certain requirements in the lease related to the maintenance of the store, and the court awarded possession of the premises to Carolina Place on 10 June 1998. FAI remained in possession until 30 June 1998, continued to pay rent until July, but did not pay double-rent.

Carolina Place filed the present action in March 1999 and filed a motion for summary judgment in December 1999. The trial court granted the motion in favor of Carolina Place and held Flamers and FAI jointly and severally liable for $214,520.00 in damages. This amount included unpaid rent, unpaid holdover double-rent and Carolina Place's cost to re-let the premises.

Summary judgment is to be granted when there is no genuine issue of material fact and any party is entitled to judgment as a matter of law. *Johnson v. Insurance Co.*, 300 N.C. 247, 266 S.E.2d 610 (1980). In order to determine whether a party was entitled to a judgment as a matter of law, we must review the merits.

The dispositive issue in this case was whether an agreement in which the tenant transferred its interest in the leased premises, reserving some interest unto itself before expiration of the original lease, was an assignment.

"[O]ur courts have adopted the traditional 'bright line' test for determining whether a conveyance by a tenant of leased premises is an assignment or a sublease. Under this test, a conveyance is an assignment if the tenant conveys his 'entire interest in the premises, without retaining any reversionary interest in the term itself.' " *Northside Station Associates Partnership v. Maddry*, 105 N.C. App. 384, 388, 413 S.E.2d 319, 321 (1992) (citing James A. Webster, Jr., *Webster's Real Estate Law in North Carolina* § 241 (Patrick K. Hetrick & James B. McLaughlin, Jr. eds., 3d ed. 1988). "A sublease, on the other hand, is a conveyance in which the tenant retains a reversion in some portion of the original lease term, however short." *Id.*; *see also Neal v. Craig Brown, Inc.*, 86 N.C. App. 157, 162, 356 S.E.2d 912, 915 (1987); *J.D. Cornell Millinery Co. v. Little-Long Co.*, 197 N.C. 168, 170, 148 S.E. 26, 27 (1929) ("The reservation by the lessee . . . of some portion of the term [is] the chief distinction between a sublease and an assignment."). "If the conveyance is an assignment, 'privity of estate' is created between the original lessor and the assignee with regard to lease covenants that run with the land, and the original lessor has a right of action *directly* against the assignee. The original lessor has no such right against a sublessee." Northside Station Associates Partnership, 105 N.C. App. at 389, 413 S.E.2d at 322 (emphasis added).

Carolina Place's lease signed with Flamers and the subsequent lease Flamers signed with FAI, included as exhibits with Carolina Place's motion for summary judgment, reveal that the subsequent lease was to expire 7 March 2001 and the original lease was to expire 1 August 2001. Thus, Flamers retained four months reversionary interest in the term of the lease. Because Flamers did not convey its entire interest in the leased premises, its subsequent lease agreement with FAI constituted a sublease and not an assignment. Therefore, no privity of estate existed between Carolina Place and FAI, allowing Carolina Place no right to assert a direct claim against FAI based on the provisions of the lease.

FAI, under the theory of joint and several liability, may become obligated to pay the entire damage amount, although Flamers is the lawfully liable party. Moreover, Flamers has the remedy of recovering from FAI damages it owes Carolina Place. As sublessor and sublessee, privity of estate exists between FAI and Flamers through their agreement. Flamers may, therefore, assert a direct claim against FAI.

CAROLINA PLACE JOINT VENTURE v. FLAMERS CHARBURGERS, INC.

[145 N.C. App. 696 (2001)]

Based on the foregoing, I respectfully dissent from the trial court's ruling granting summary judgment against FAI.