NATIONAL ADVERTISING COMPANY v. THOMAS W. BRADSHAW, JR., AS
SECRETARY OF TRANSPORTATION OF THE STATE OF NORTH CAROLINA

No. 8210SC206

(Filed 15 February 1983)

**Highways and Cartways § 2.1— revoking outdoor advertising sign permit error—finding plaintiff cut vegetation to improve visibility of advertising structure not supported by evidence**

The superior court properly found that a decision of the Department of Transportation which had concluded that the petitioner had destroyed the vegetation near an outdoor sign it maintained was not supported by the evidence where the evidence presented by the Department of Transportation showed only that vegetation around the petitioner's sign had been cut, that the advertisement on the sign had been changed near the time the vegetation was cut, and that the petitioner had worked on its sign at approximately the same time. G.S. § 136-134.1.

APPEAL by respondent from *Cornelius, Judge*. Judgment entered 27 November 1981 in Superior Court, WAKE County. Heard in the Court of Appeals 13 January 1983.

The record reveals the following facts. On 21 July 1980 the North Carolina Department of Transportation's District Engineer for Vance County notified the petitioner, National Advertising Company, that its outdoor advertising sign permit No. I-0085-39073 had been revoked. On 29 July 1980 National Advertising informed the District Engineer for Vance County that it was appealing the revocation to the Secretary of the Department of Transportation pursuant to N.C. Gen. Stat. § 136-134. By a letter of 4 September 1980, a copy of which was served upon the petitioner on 29 September 1980, the Secretary of the Department of Transportation denied the appeal. The letter read in part:

Your permit was revoked because vegetation was cut and destroyed on the highway right of way in order to increase or enhance the visibility of an outdoor advertising structure.

Our staff has investigated this matter and informed me the area of vegetation cut was triangular with dimensions of approximately 200' by 45' with a fence delineating the right of way.

North Carolina General Statute 136-93 provides that it is unlawful for any person to cut trees or shrubs from the State highway rights of way.

Section 19A NCAC 2E. 0210(8) provides for the revocation of a sign permit for the unlawful destruction of trees or shrubs or other growth located on the right of way in order to increase the visibility of an outdoor advertising structure.

. . .

From the above information, it is my conclusion District Engineer Ross made the proper decision in this matter.

I must uphold the decision and inform you the sign must be removed within thirty (30) days from receipt of this notice or the Department of Transportation will remove the signs at your expense.

. . .

Sincerely,
s/T. W. Bradshaw
Thomas W. Bradshaw, Jr.
Secretary

The petitioner appealed this decision, as provided by N.C. Gen. Stat. § 136-134.1, by filing a petition with the Superior Court of Wake County on 6 October 1980.

At a hearing before Judge Cornelius, each party presented only one witness. Laura Orazi, an employee of National Advertising, testified that her company had done work on the sign in question at approximately the same time the vegetation had been cut but the company was not aware of any cutting done by any of its agents or employees. She testified further that after her company's examination of its records and personnel it had been unable to determine who was involved in cutting the vegetation. Cortez M. Lewis, an engineer technician with the Department of Transportation, testified he passed the sign in question daily go-

ing to and from work, and he had made a photographic record of the sign. A photograph dated 29 August 1979 revealed vegetation up and down the front of the sign, but a photograph dated 15 July 1980 showed the vegetation had been cut. Lewis also testified that between the dates of the two photographs the advertising on the signboard had been changed. After discovering the vegetation had been cut, Lewis checked with the Highway Patrol and other individuals to determine who had done the cutting, but he was unsuccessful in finding out their identity.

After hearing this evidence the trial court made the following pertinent findings of fact:

. . .

3. That the person or persons involved in the cutting on the highway right-of-way which caused the Department of Transportation to revoke the said sign permit of Petitioner, National Advertising Company, have not been identified nor established by law by any competent or credible evidence before the Court.

. . .

5. That there is no evidence before the Court that Petitioner, National Advertising Company, or any of its personnel or anyone acting in the capacity of an agent for National Advertising Company or acting under their supervision or guidance or instructions did at any time cause the destruction of vegetation as set forth in the decision of the Secretary of Transportation.

The trial court then concluded as a matter of law that there was no competent evidence to establish that petitioner had destroyed the vegetation near the sign and no reasonable inference could be drawn which showed the petitioner had been involved in any cutting. Therefore, Judge Cornelius entered an order reversing the decision of the Secretary of Transportation. From that judgment, the respondent, Secretary of Transportation, appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Thomas H. Davis, Jr. for the Secretary of the Department of Transportation, respondent-appellant.*

*Bailey, Dixon, Wooten, McDonald & Fountain, by Kenneth Wooten and Gary S. Parsons for petitioner, appellee.*

HEDRICK, Judge.

The trial court heard this case pursuant to N.C. Gen. Stat. § 136-134.1 which reads in part:

> The review of the decision of the Secretary of Transportation under this Article shall be conducted by the court without a jury and shall hear the matter de novo pursuant to the rules of evidence as applied in the General Court of Justice. The court, after hearing the matter may affirm, reverse or modify the decision if the decision is:
>
> (1) In violation of constitutional provisions; or
>
> (2) Not made in accordance with this Article or rules or regulations promulgated by the Department of Transportation; or
>
> (3) Affected by other error of law.
>
> The party aggrieved shall have the burden of showing that the decision was violative of one of the above.
>
> A party to the review proceedings, including the agency, may appeal to the appellate division from the final judgment of the Superior Court under the rules of procedure applicable in civil cases. The appealing party may apply to the Superior Court for a stay for its final determination or a stay of the administrative decision, whichever shall be appropriate, pending the outcome of the appeal to the appellate division.

This statute clearly limits the scope of review in this case to (1) constitutional violations, (2) statutory or regulatory irregularities or (3) other errors of law. After a hearing, the Superior Court judge made findings of fact and pointed to errors of law compelling the reversal of the Secretary of Transportation's decision. Judge Cornelius found no evidence that established that the petitioner, National Advertising Company, or any of its personnel or

agents had cut the vegetation surrounding the highway advertising sign in question. He further concluded:

[T]he Court cannot draw any legitimate permissible inference or conclusion from the evidence presented to the Court that National Advertising Company or any person acting under its authority, supervision, or direction did at any time violate the regulation in question and that the revocation of the permit for the sign applying the test of reasonableness and fairness is beyond the powers and authority of the Secretary of Transportation and Department of Transportation to revoke said permit.

We have reviewed the trial court's findings of fact and conclusions of law and the entire record on appeal. We can find no error in the judge's ruling that there was insufficient evidence to support an inference that petitioner had cut vegetation in violation of the Department of Transportation regulations. The evidence presented by the Department of Transportation showed only that vegetation around the petitioner's sign had been cut, that the advertisement on the sign had been changed near the time the vegetation was cut, and that the petitioner had worked on its sign at approximately the same time. The evidence fails to show the identity of those who did the cutting or to connect the petitioner to the cutting in any way. We hold the party aggrieved, National Advertising Company, carried its burden of showing that the decision of the Secretary of the Department of Transportation was not supported by competent evidence in the record.

Affirmed.

Judges JOHNSON and EAGLES concur.