WHITECO METROCOM, INC. v. WILLIAM R. ROBERSON, JR., AS SECRETARY OF TRANSPORTATION OF THE STATE OF NORTH CAROLINA

No. 8610SC458

(Filed 3 February 1987)

**Highways and Cartways § 2.1— outdoor advertising sign—violation of controlled access—employees of independent contractor—revocation of permit**

A permit to erect and maintain an outdoor advertising sign near an interstate highway was properly revoked on the ground that two persons servicing the sign crossed the controlled access for the highway in violation of an administrative regulation promulgated under the *Outdoor Advertising Control* Act, notwithstanding such persons were not employees of the permittee but were employees of an independent contractor hired by the permittee to maintain the sign.

APPEAL by petitioner from *Read, Judge.* Order entered 10 December 1985 in Superior Court, WAKE County. Heard in the Court of Appeals 25 September 1986.

*Bailey, Dixon, Wooten, McDonald, Fountain & Walker, by Kenneth Wooten and Carolin Bakewell, for petitioner appellant.*

*Attorney General Thornburg, by Assistant Attorney General Thomas H. Davis, Jr., for respondent appellee.*

PHILLIPS, Judge.

Appellant, who is engaged in the business of erecting and maintaining outdoor advertising signs, obtained a permit from the North Carolina Department of Transportation to erect and maintain an outdoor advertising sign near Interstate Highway 85 in this state. The permit was issued under the Outdoor Advertising Control Act, G.S. 136-126, *et seq.*, which was enacted to protect the public by controlling outdoor advertising near interstate and other primary highways. *Bracey Advertising Co. v. North Carolina Department of Transportation*, 35 N.C. App. 226, 241 S.E. 2d 146, *disc. rev. denied*, 295 N.C. 89, 244 S.E. 2d 257 (1978). In addition to the Act the permit was also issued subject to the various regulations or ordinances that the Department of Transportation has promulgated thereunder. G.S. 136-130. One such regulation or ordinance so promulgated, Title 19A, N. C. Administrative Code, Sec. 02E.0210, requires the Department's district engineer to revoke a sign permit for any one of thirteen reasons, one of which is the "unlawful violation of the control of access on interstate, freeway, and other controlled access facilities." So when two persons servicing petitioner's sign were seen to cross the controlled access for I-85 in apparent violation of the ordinance the Department's district engineer revoked petitioner's permit. The revocation was appealed to the respondent Secretary, who affirmed it. This final agency decision, judicially reviewed in a hearing *de novo* pursuant to G.S. 136-134.1, was also affirmed as a matter of law.

The question presented by petitioner's appeal is quite narrow. The evidence pertinent to the revocation is not disputed here and was not disputed in any of the proceedings below. The dispute is, and has been, limited to the legal effect of the evidence, which indicates that: A controlled access area of I-85 was crossed by persons servicing petitioner's sign; and the persons that did the crossing were not employees of the petitioner but were unsupervised, uncontrolled, independent sign maintenance

subcontractors that petitioner engaged as and when its signs needed servicing. Petitioner concedes that the crossing of the designated controlled access area on the occasion involved would have violated the foregoing regulation and justified the revocation of its permit if the persons doing the crossing had been its employees; but it contends that its permit cannot be revoked since the delinquencies were those of an independent contractor. The fallaciousness of this contention is obvious and we reject it. This is not a negligence case where the one who engaged an independent contractor had no duty to either the injured person or the public. In this case, by obtaining the statutorily authorized permit, petitioner accepted the duty to follow the law in its exercise; and petitioner did not rid itself of this duty by hiring an independent substitute to act for it; for a duty imposed by statute cannot be delegated. *Davis v. Summerfield*, 133 N.C. 325, 45 S.E. 654 (1903).

Affirmed.

Judges PARKER and COZORT concur.