WHITECO INDUSTRIES, INC. T/A WHITECO METROCOM v. THOMAS J. HARRELSON, AS SECRETARY OF TRANSPORTATION OF THE STATE OF NORTH CAROLINA

No. 9210SC486

(Filed 7 September 1993)

1. **Costs § 37 (NCI4th) — attorney's fees against State agency — time for motion**

   The trial court had jurisdiction to rule on petitioner's motion for attorney's fees pursuant to N.C.G.S. § 6-19.1 which was filed well before final judgment. The statutory requirement that the motion be filed within thirty days following final disposition of the case does not establish a starting point as well as a deadline.

   **Am Jur 2d, Costs §§ 79-82.**

2. **Costs § 37 (NCI4th) — attorney's fees — substantial justification for agency action — conclusion of law**

   Whether a State agency acted without substantial justification so as to permit an award of attorney's fees under N.C.G.S. § 6-19.1 is a conclusion of law reviewable on appeal.

   **Am Jur 2d, Costs §§ 79-82.**

3. **Costs § 37 (NCI4th) — attorney's fees — substantial justification for action — burden of proof**

   Substantial justification constitutes justification to a degree that could satisfy a reasonable person, and the party against whom attorney's fees are sought has the burden of showing substantial justification for its action.

   **Am Jur 2d, Costs §§ 79-82.**

4. **Costs § 37 (NCI4th); Highways, Streets, and Roads § 33 (NCI4th) — outdoor advertising permit — cutting of vegetation by lessee's agents — substantial justification for revocation — attorney's fees**

   The DOT had substantial justification to revoke petitioner's outdoor advertising permit and to defend petitioner's action contesting the revocation so that the trial court erred in awarding attorney's fees to petitioner under N.C.G.S. § 6-19.1 where petitioner's billboard lessee hired a landscaping company to

cut limbs and trees on the highway right of way in front of the billboard in violation of DOT regulations. Petitioner's responsibility to abide by DOT's requirements to obtain and retain outdoor advertising permits did not end when it leased billboard space to a third party, and it is not excused when an agent of the third party violates those requirements.

**Am Jur 2d, Costs §§ 79-82.**

Appeal by respondent from order entered 21 January 1992 by Judge Narley L. Cashwell in Wake County Superior Court. Heard in the Court of Appeals 15 April 1993.

*Wilson & Waller, P.A., by Betty S. Waller and Brian E. Upchurch, for petitioner-appellee.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Elizabeth N. Strickland, for respondent-appellant.*

McCRODDEN, Judge.

This is an appeal from the trial court's order granting attorney's fees to petitioner pursuant to N.C. Gen. Stat. § 6-19.1 (1986). The North Carolina Department of Transportation (DOT) presents for review four arguments representing nine assignments of error. We necessarily address the jurisdictional issue, but because of our analysis of the question of substantial justification, we need not reach DOT's additional arguments.

The facts of the case are as follows. Prior to 20 April 1990, DOT issued an outdoor advertising permit to petitioner Whiteco Industries, Inc. t/a Whiteco Metrocom for its outdoor advertising billboard. On 20 April 1990, a DOT official, District Engineer B. B. Isom (Isom), observed three men cutting limbs and trees on the highway right of way in front of the billboard owned by petitioner. Upon questioning the men, Isom learned that they were with Byrd's Lawn & Landscaping, and were hired by Jagdish G. Patel (Patel), owner of the Comfort Inn in Dunn, North Carolina. At the time of Isom's observation, the advertisement on the billboard featured the Dunn Comfort Inn.

On 21 April 1990, Sherwood Brock, DOT Engineering Technician, investigated the cutting and determined that ten trees had been cut from the highway right of way in front of petitioner's billboard, in violation of N.C. Admin. Code tit. 19A, r. 2E.0210(8)

WHITECO INDUSTRIES, INC. v. HARRELSON

[111 N.C. App. 815 (1993)]

(December 1990). On the basis of the unlawful cutting of the trees, Isom revoked petitioner's outdoor advertising permit on 2 May 1990. DOT upheld the revocation on 22 September 1990.

On 26 September 1990, petitioner filed a petition for judicial review of DOT's final decision. On 6 May 1991, petitioner served DOT with affidavits of Patel and Robert Sykes, petitioner's Vice President and General Manager, and with a motion for summary judgment. On 7 June 1991, DOT reinstated the permit and requested that petitioner cancel the hearing on the motion for summary judgment scheduled for 10 June 1991, since the permit had been reinstated. At the hearing on 10 June 1991, the trial court directed petitioner to prepare an order denying summary judgment because it was moot. The order was filed 25 June 1991.

On 10 June 1991, petitioner filed a motion for attorney's fees pursuant to N.C.G.S. § 6-19.1 and N.C. Gen. Stat. § 1A-1, Rule 11 (1990). At the 2 July 1991 hearing, the trial judge made no ruling in open court, but suggested that the parties schedule a hearing in January 1992, when he returned to Wake County so that, if the fee request were granted, a hearing could be held on the reasonableness of the attorney's fees. On 30 October 1991, the trial judge made a notation to the courtroom clerk to place an entry in the court file finding that, pursuant to N.C.G.S. § 6-19.1, petitioner was entitled to costs and attorney's fees in the amount of $8,167.11.

On 10 January 1992, the trial judge heard arguments on the substantial justification of DOT's position in the underlying litigation and the reasonableness of attorney's fees requested by petitioner. On 21 January 1992, the trial judge entered an order granting petitioner's motion for attorney's fees and awarding fees in the amount of $9,822.43 and costs in the amount of $1,022.40.

---

[1] The first argument we consider is DOT's contention that the trial court did not have jurisdiction to rule on petitioner's motion for attorney's fees pursuant to N.C.G.S. § 6-19.1. DOT contends, *inter alia*, that petitioner filed its motion for attorney's fees prematurely because there was no final disposition of the case at the time the motion was filed and, therefore, the trial court did not have jurisdiction to award attorney's fees. We disagree.

The attorney's fee provision of N.C.G.S. § 6-19.1 provides that "[t]he party shall petition for the attorney's fees within 30 days following final disposition of the case." Black's Law Dictionary 630 (6th ed. 1990) defines "final disposition" as "[s]uch a conclusive determination of the subject-matter that after the award, judgment, or decision is made, nothing further remains to fix the rights and obligations of the parties, and no further controversy or litigation can arise thereon." The 30-day filing period contained in the statute is a jurisdictional prerequisite to the award of attorney's fees, cf., *J.M.T. Mach. Co., Inc. v. United States*, 826 F.2d 1042, 1047 (Fed. Cir. 1987) (interpreting the Equal Access to Justice Act (EAJA), which provides for the recovery of attorney's fees against the U.S. government), and it begins to run *after* the decision has become final and it is too late to appeal. *Cf., Taylor v. United States*, 749 F.2d 171 (3rd Cir. 1984) (interpreting the EAJA). We reject as too narrow DOT's argument that the 30-day period establishes a starting point as well as a deadline, cf., *McDonald v. Schweiker*, 726 F.2d 311 (7th Cir. 1983) (interpreting the EAJA), and hence we find that petitioner's motion for attorney's fees, filed well before final judgment, was timely. The trial court, consequently, had jurisdiction to hear the matter.

(We would note, however, that judicial economy favors the hearing of petitioner's motion for attorney's fees only after the judgment has become final, thereby avoiding piecemeal litigation of the issue. In this particular case, but for our analysis of the issue of substantial justification, this would have presented problems since the trial court heard the motion prior to final judgment.)

DOT's second contention is that the trial court erred in awarding attorney's fees because DOT was substantially justified in revoking petitioner's outdoor advertising permit. N.C.G.S. § 6-19.1 grants a trial court the power to require the State to pay attorney's fees under certain conditions:

In any civil action, other than an adjudication for the purpose of establishing or fixing a rate, or a disciplinary action by a licensing board, brought by the State or brought by a party who is contesting State action pursuant to G.S. 150A-43 or any other appropriate provisions of law, unless the prevailing party is the State, the court may, in its discretion, allow the prevailing party to recover reasonable attorney's fees to be taxed as court costs against the appropriate agency if:

(1) The court finds that the agency acted without substantial justification in pressing its claim against the party; and

(2) The court finds that there are no special circumstances that would make the award of attorney's fees unjust.

In order to award reasonable attorney's fees under this statute, the trial judge had to determine first that the petitioner was the "prevailing party". DOT does not argue that the trial court erred in finding that petitioner was the prevailing party since petitioner's petition demanded reinstatement of its outdoor advertising permit and DOT ultimately reinstated it.

[2] Additionally, the trial court had to determine that DOT acted without substantial justification in pressing its claim against petitioner and revoking petitioner's outdoor advertising permit. In reviewing DOT's argument on this issue, our first task is to determine the standard of review of the trial court's decision that DOT lacked substantial justification. Petitioner argues that the standard is abuse of discretion, *i.e*, that the trial court's ruling is discretionary and that this Court cannot alter that ruling unless there is an abuse of discretion. We disagree. In *Tay v. Flaherty*, 100 N.C. App. 51, 55, 394 S.E.2d 217, 219, *disc. review denied*, 327 N.C. 643, 399 S.E.2d 132 (1990), this Court treated substantial justification as a conclusion of law, reviewable on appeal. Indeed, the language of the statute is clear that the court's determination of whether there is substantial justification is not discretionary, but mandatory. We follow *Tay* in treating substantial justification as a conclusion of law and hence review the court's determination.

[3] This Court has relied on the case of *Pierce v. Underwood*, 487 U.S. 552, 101 L.Ed.2d 490 (1988), to define substantial justification as justification "to a degree that could satisfy a reasonable person . . . ." *Tay*, 100 N.C. App. at 56, 394 S.E.2d at 219 (citation omitted). To be "substantially justified" means "more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve." *Pierce*, 487 U.S. at 566, 101 L.Ed.2d at 505. We agree with petitioner that the burden is on the party against whom attorney's fees are sought to show substantial justification of its action. *Tay*, 100 N.C. App. at 55, 394 S.E.2d at 219.

[4] DOT argues that its position in revoking petitioner's permit was substantially justified because this matter is a case of first impression and DOT was attempting to obtain an interpretation of North Carolina caselaw to determine in which situations DOT may revoke outdoor advertising permits. For DOT to revoke an outdoor advertising permit, it must meet certain criteria, which are set forth in *National Advertising Co. v. Bradshaw*, 60 N.C. App. 745, 299 S.E.2d 817 (1983), and *Whiteco Metrocom Inc. v. Roberson*, 84 N.C. App. 305, 352 S.E.2d 277 (1987). The *National Advertising* Court found that DOT must (1) clearly identify persons (2) who committed a violation for which revocation is permissible and (3) show a sufficient connection between those persons and the permit holder. *National Advertising*, 60 N.C. App. at 749, 299 S.E.2d at 819.

In *National Advertising*, the Court found that DOT improperly revoked petitioner's outdoor advertising sign permit for unlawful destruction of vegetation on the highway right of way. *Id.* In that case, the evidence tended to show that vegetation around petitioner's sign had been cut and that petitioner had worked on the sign at approximately the time the vegetation was cut. However, DOT failed to identify the persons who cut the trees. *Id.*

In the instant case, unlike *National Advertising*, DOT clearly identified the persons who violated N.C. Admin. Code tit. 19A, r. 2E.0210(8) and connected those persons to the petitioner by showing that the trees were cut by persons hired by Patel, who was renting space on the billboard from petitioner.

In *Whiteco*, the Court held that petitioner's permit was properly revoked under the Outdoor Advertising Control Act, N.C. Gen. Stat. §§ 136-126 to 140 (1986 and Supp. 1992), when petitioner hired an independent contractor to maintain its sign and employees of the independent contractor violated the Act. The Court stated that "by obtaining the statutorily authorized permit, petitioner accepted the duty to follow the law in its exercise; and petitioner did not rid itself of this duty by hiring an independent substitute to act for it; for a duty imposed by statute cannot be delegated." *Whiteco*, 84 N.C. App. at 307, 352 S.E.2d at 278.

In the case at hand, petitioner argues that since Patel, rather than the petitioner, hired Byrd's Lawn & Landscaping to cut the trees, there was not a sufficient connection between petitioner and those persons who committed the violation. To accept this

argument would be tantamount to inviting circumvention of the law, and we reject it. Petitioner's responsibility to abide by DOT's requirements to obtain and retain outdoor advertising permits did not end when it leased billboard space to a third party, and it is not excused when an agent of the third party violates those requirements.

In reaching this conclusion, we have reviewed caselaw in other jurisdictions and have found support. In *Hulshof v. Mo. Highway & Transp. Comm'n.*, 737 S.W.2d 726 (Mo. 1987), the Court reversed the trial court's decision, finding that petitioner's permit was properly revoked when petitioner rented the billboard to the advertiser, and the advertiser violated the Act by increasing the size of the sign without the knowledge of the petitioner. The Court stated that the enlargement was not inadvertent because "it was the result of the deliberate choice of the lessee . . .", and sign owners may not avoid the consequences of violating billboard regulations by claiming ignorance of the infraction. *Id.* at 728. In *State v. Mo. Highway & Transp. Comm'n.*, 801 S.W.2d 421, 425 (Mo. App. 1990), the Court stated that a deliberate and intentional change to the size of the sign by the lessee of the owner does not render the change inadvertent as to the owner.

Based upon our analysis and the cited cases, we find that petitioner had violated N.C. Admin. Code tit. 19A, r. 2E.0210(8) and that DOT was substantially justified in revoking petitioner's permit.

Petitioner argues further, however, that, even if DOT were substantially justified in revoking its permit, it was not substantially justified in not reinstating petitioner's permit until three days prior to the hearing on motion for summary judgment. After petitioner filed affidavits on 6 May 1991, DOT reinstated petitioner's permit on 7 June 1991. The affidavits stated that petitioner had not hired Byrd's Lawn & Landscaping, and at the time of the violation petitioner was unaware that trees were being cut around its billboard. For the reasons stated above, however, DOT's knowledge that petitioner's lessee had hired the landscaping company that was cutting trees in violation of DOT's regulations did not excuse petitioner. While DOT did reinstate petitioner's permit, we find no law that mandated that action. Thus, petitioner's argument that DOT should have done so sooner is without merit.

We reverse the trial court's order of attorney's fees.

Reversed.

Judges JOHNSON and ORR concur.