WHITECO INDUSTRIES, INC. T/A WHITECO METROCOM v. JAMES E. HARRINGTON, AS SECRETARY OF TRANSPORTATION OF THE STATE OF NORTH CAROLINA

No. 9210SC484

(Filed 7 September 1993)

1. **Costs § 37 (NCI4th) — revocation and reinstatement of outdoor advertising permit — petitioner's motion for attorney's fees — trial court's jurisdiction**

    Where DOT revoked and subsequently reinstated petitioner's outdoor advertising permit for unlawful violation of control of access in violation of the Outdoor Advertising Con-

**WHITECO INDUSTRIES, INC. v. HARRINGTON**

[111 N.C. App. 839 (1993)]

trol Act, the trial court had jurisdiction to rule on petitioner's motion for attorney's fees pursuant to N.C.G.S. § 6-19.1, since the motion, filed well before final judgment, was timely.

**Am Jur 2d, Costs §§ 79-82.**

2. **Costs § 37 (NCI4th); Highways, Streets, and Roads § 33 (NCI4th) — DOT's revocation of petitioner's outdoor advertising permit — substantial justification — award of attorney's fees improper**

Where DOT revoked and subsequently reinstated petitioner's outdoor advertising permit for unlawful violation of control of access, the trial court erred in awarding petitioner attorney's fees since, at the time DOT revoked the permit, it had substantial justification for doing so, and its later reinstatement of the permit did not nullify that justification.

**Am Jur 2d, Costs §§ 79-82.**

Appeal by respondent from order entered 21 January 1992 by Judge Narley L. Cashwell in Wake County Superior Court. Heard in the Court of Appeals 15 April 1993.

*Wilson & Waller, P.A., by Betty S. Waller and Brian E. Upchurch, for petitioner-appellee.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Elizabeth N. Strickland, for respondent-appellant.*

McCRODDEN, Judge.

This is an appeal from the trial court's order granting attorney's fees to petitioner pursuant to N.C. Gen. Stat. § 6-19.1 (1986). The North Carolina Department of Transportation (DOT) presents for review four arguments representing ten assignments of error. As in the companion case, *Whiteco v. Harrelson*, 111 N.C. App. 815, 434 S.E.2d 229 (1993) (*Harrelson*), we address the jurisdictional question, but we do so only briefly since the analysis used in that case applies to this one as well. Also as in *Harrelson*, we reverse the trial court on the issue of substantial justification, and we do not reach DOT's other issues.

The facts of the case are as follows. Prior to 26 January 1989, DOT issued an outdoor advertising permit to petitioner Whiteco Industries, Inc. t/a Whiteco Metrocom for its outdoor advertising

billboard. On 26 January 1989, two DOT officials, District Engineer R. J. Nelson (Nelson) and Transportation Technical L. D. Cook, observed a pickup truck within the controlled access area of Interstate 95. When DOT officials stopped along the interstate, a man who identified himself as Eddie Edwards (Edwards), stated that he was working for J. W. Wellons (Wellons) of J. W. Management Company. Wellons was the secretary of Hornes Motor Lodge, and Hornes Motor Lodge was the subject of the advertisement on petitioner's billboard on 26 January 1989. After talking to DOT officials, Edwards crossed the control of access fence for the interstate to move his vehicle.

On 27 January 1989, Nelson revoked petitioner's outdoor advertising permit for unlawful violation of control of access, in violation of the Outdoor Advertising Control Act, N.C. Admin. Code tit. 19A, r. 2E.0210(9) (December 1990). DOT upheld the revocation on 3 March 1989.

On 3 April 1989, petitioner filed a petition for judicial review of DOT's final decision. On 6 May 1991, petitioner served DOT with affidavits of Wellons and Robert Sykes, petitioner's Vice President and General Manager, and a motion for summary judgment. The affidavits stated: that Edwards was employed by Wellons; that Wellons had instructed Edwards to paint a sign owned by Wellons; Edwards, instead of going to the sign owned by Wellons, mistakenly went to petitioner's billboard; and Edwards committed the violation while at petitioner's billboard. On 7 June 1991, respondent reinstated the permit and requested that petitioner cancel the hearing on the motion for summary judgment scheduled for 10 June 1991, since the permit had been reinstated. At the hearing on 10 June 1991, the trial judge directed petitioner to prepare an order denying summary judgment because it was moot. The order was filed 25 June 1991.

On 10 June 1991, petitioner filed a motion for attorney's fees pursuant to N.C.G.S. § 6-19.1 and N.C. Gen. Stat. § 1A-1, Rule 11 (1990). At the 2 July 1991 hearing, the trial judge made no ruling in open court, but suggested that the parties schedule a hearing in January 1992, so that if the fee request were granted, a hearing could be held on the reasonableness of the attorney's fees. On 30 October 1991, the judge made a notation to the courtroom clerk to place an entry in the court file finding that, pursuant to N.C.G.S. § 6-19.1, petitioner was entitled to costs and attorney's fees in the amount $9,834.21.

On 10 January 1992, the trial judge heard arguments on the substantial justification of DOT's position in the underlying litigation and the reasonableness of attorney's fees requested by petitioner. On 21 January 1992, the trial judge entered an order granting petitioner's motion for attorney's fees and awarding fees in the amount of $9,834.21 and costs in the amount of $1,022.40.

[1] The first argument we consider is DOT's contention that the trial court did not have jurisdiction to rule on petitioner's motion for attorney's fees pursuant to N.C.G.S. § 6-19.1. DOT contends, *inter alia*, that petitioner filed its motion for attorney's fees prematurely because there was no final disposition of the case at the time the motion was filed and, therefore, the trial court did not have jurisdiction to award attorney's fees. We addressed the same issue in *Harrelson*, and we rejected as too narrow DOT's argument that the 30-day period establishes a starting point as well as a deadline. We found that petitioner's motion for attorney's fees, filed well before final judgment, was timely, and accordingly, we ruled that the trial court had jurisdiction in the matter. We adopt the reasoning from that opinion and determine that the trial court had jurisdiction in this case as well.

[2] DOT's second contention is that the trial court erred in awarding attorney's fees because DOT was substantially justified in revoking petitioner's outdoor advertising permit. N.C.G.S. § 6-19.1 grants a trial court the power to require the State to pay attorney's fees under certain conditions:

> In any civil action, other than an adjudication for the purpose of establishing or fixing a rate, or a disciplinary action by a licensing board, brought by the State or brought by a party who is contesting State action pursuant to G.S. 150A-43 or any other appropriate provisions of law, unless the prevailing party is the State, the court may, in its discretion, allow the prevailing party to recover reasonable attorney's fees to be taxed as court costs against the appropriate agency if:
>
> (1) The Court finds that the agency acted without substantial justification in pressing its claim against the party; and
>
> (2) The Court finds that there are no special circumstances that would make the award of attorney's fees unjust.

## WHITECO INDUSTRIES, INC. v. HARRINGTON

[111 N.C. App. 839 (1993)]

In order to award attorney's fees under this statute, the trial judge had to determine first that the petitioner was the prevailing party. Since petitioner's petition demanded reinstatement of its outdoor advertising permit and DOT ultimately reinstated it, DOT does not contest the trial court's finding that petitioner was a prevailing party.

In addition to finding that petitioner was the prevailing party, the trial court had to determine that DOT acted without substantial justification in pressing its claim against petitioner and revoking petitioner's outdoor advertising permit. In reviewing DOT's argument on this issue, our first task is to determine the standard of review of the trial court's decision that DOT lacked substantial justification. In *Harrelson*, we followed *Tay v. Flaherty*, 100 N.C. App. 51, 55, 394 S.E.2d 217, 219, *disc. review denied*, 327 N.C. 643, 399 S.E.2d 132 (1990), in treating substantial justification as a conclusion of law, and hence reviewable by this Court on appeal.

This Court has relied on the case of *Pierce v. Underwood*, 487 U.S. 552, 101 L.Ed.2d 490 (1988), to define substantial justification as justification "to a degree that could satisfy a reasonable person . . . ." *Tay*, 100 N.C. App. at 56, 394 S.E.2d at 219. To be "substantially justified" means "more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve." *Pierce*, 487 U.S. at 566, 101 L.Ed.2d at 505. We agree with petitioner that the burden is on the party against whom attorney's fees are sought to show substantial justification of its action. *Tay*, 100 N.C. App. at 55, 394 S.E.2d at 219.

As in *Harrelson*, DOT argues that their position in revoking petitioner's permit was substantially justified because this matter is a case of first impression and DOT was attempting to obtain an interpretation of North Carolina caselaw to determine in which situations DOT may revoke outdoor advertising permits. For DOT to revoke an outdoor advertising permit, it must meet certain criteria, which are set forth in *National Advertising Co. v. Bradshaw*, 60 N.C. App. 745, 299 S.E.2d 817 (1983), and *Whiteco Metrocom Inc. v. Roberson*, 84 N.C. App. 305, 352 S.E.2d 277 (1987). The *National Advertising* Court found that DOT must (1) clearly identify persons (2) who committed a violation for which revocation is permissible and (3) show a sufficient connection between those persons and

the permit holder. *National Advertising*, 60 N.C. App. at 749, 299 S.E.2d at 819.

In *National Advertising*, the Court found that DOT improperly revoked petitioner's outdoor advertising sign permit for unlawful destruction of vegetation on the highway right of way. *Id.* In that case, the evidence tended to show that vegetation around petitioner's sign had been cut and that petitioner had worked on the sign at approximately the time the vegetation was cut. However, DOT failed to identify the persons who cut the trees. *Id.*

In the instant case, unlike *National Advertising*, DOT clearly identified the persons who violated N.C. Admin. Code tit. 19A, r. 2E.0210(9) and connected those persons to the petitioner by showing that Edwards, who crossed the control of access fence, was employed by Wellons of Hornes Motor Lodge, which was the advertiser on petitioner's billboard.

In *Whiteco Metrocom*, this Court held that petitioner's permit was properly revoked under the Outdoor Advertising Control Act, N.C. Gen. Stat. §§ 136-126 to -140 (1986 and Supp. 1992), when petitioner hired an independent contractor to maintain its sign and employees of the independent contractor violated the Act. The Court stated that "by obtaining the statutorily authorized permit, petitioner accepted the duty to follow the law in its exercise; and petitioner did not rid itself of this duty by hiring an independent substitute to act for it; for a duty imposed by statute cannot be delegated." *Whiteco Metrocom*, 84 N.C. App. at 307, 352 S.E.2d at 278.

Citing *Whiteco Metrocom* and *Hulshof v. Mo. Highway & Transp. Comm'n.*, 737 S.W.2d 726 (Mo. 1987), we held in *Harrelson*, that DOT was substantially justified in revoking petitioner's outdoor advertising permit when an agent of the lessee of the billboard violated the Outdoor Advertising Control Act. To have ruled otherwise would have invited petitioner to do indirectly what it could not do directly, *i.e.*, violate the Act with impunity.

The case at hand is somewhat different from *Harrelson*, because the person who violated the Act, while an employee of Hornes Motor Lodge which rented the billboard, was at petitioner's billboard by mistake. The record reveals, however, that petitioner filed affidavits to this effect on 6 May 1991, more than two years after DOT upheld the revocation of petitioner's permit, and that DOT responded by reinstating the permit on 7 June 1991. Given peti-

tioner's delay in advising DOT of this fact, we cannot say that DOT's reinstatement of the permit was untimely.

In summary, we find that, at the time DOT revoked petitioner's outdoor advertising permit, it had substantial justification for doing so and that its later reinstatement of the permit did not nullify that justification. We consequently reverse the trial court's order of attorney's fees.

Reversed.

Judges JOHNSON and ORR concur.