OUTDOOR EAST, L. P., A NORTH CAROLINA LIMITED PARTNERSHIP, PETITIONER v. THOMAS J. HARRELSON, AS SECRETARY OF TRANSPORTATION OF THE STATE OF NORTH CAROLINA, RESPONDENT

No. COA94-1303

(Filed 3 September 1996)

**Highways, Streets, and Roads § 31 (NCI4th)— billboards— authority of DOT to regulate**

The Department of Transportation had the authority to regulate all nonconforming billboards in noncommercial/ nonindustrial areas, including those erected prior to enactment of the Outdoor Advertising Control Act.

**Am Jur 2d, Advertising §§ 8, 24-29.**

**Classification and maintenance of advertising structure as nonconforming use. 80 ALR3d 630.**

On remand from the Supreme Court in light of its decision in *Appalachian Poster Advertising Co. v. Harrington*, 343 N.C. 303, 469 S.E.2d 554 (1996).

*Wilson & Waller, by Betty S. Waller, Kenneth C. Haywood and Brian E. Upchurch for petitioner.*

*Attorney General Michael F. Easley, by Special Deputy Attorney General Grayson Kelley and Associate Attorney General Melanie Lewis Vtipil, for respondent.*

JOHN, Judge.

On 6 February 1996, this Court in an unpublished *per curiam* opinion, see *Outdoor East v. Harrelson* (COA94-1303), relied upon the majority opinion in *Appalachian Poster Advertising Co. v.*

*Harrington,* 120 N.C. App. 72, 460 S.E.2d 887 (1995), to affirm the trial court's conclusion in the case *sub judice* that

> the authority delegated to the North Carolina Department of Transportation pursuant to N.C. Gen. Stat. 136-126, *et. seq.*, does not include the authority to promulgate regulations governing nonconforming outdoor advertising located in areas other than zoned industrial or commercial areas or unzoned commercial or industrial areas, including petitioner's sign affected herein. . . .

However, on appeal, in *Appalachian Poster Advertising Co. v. Harrington,* 343 N.C. 303, 303, 468 S.E.2d 554, 555 (1996), our Supreme Court reversed the majority holding in *Appalachian* "[f]or the reasons stated in the dissenting opinion by Judge Lewis," and thereafter allowed the petition of respondent herein for discretionary review under N.C.G.S. § 7A-31 for the limited purpose of remanding the instant case to this Court in light of the *Appalachian* decision. This Court thereafter granted petitioner's motion to allow the parties to file supplemental briefs, and we have fully considered same in determining whether the Supreme Court opinion in *Appalachian* affects our previous opinion.

Petitioner attempts to distinguish *Appalachian* on the basis that "in this case there is not the issue of rebuilding or of building a 'new sign' which was the underpinning of Judge Lewis' dissent in that case." Therefore, petitioner continues, we should allow our previous holding in this case to survive the reversal of *Appalachian* and reaffirm that

> DOT has not been delegated authority to regulate the "erection and maintenance" of nonconforming billboards beyond the parameter established in Appalachian allowing DOT to determine when a "new sign" has been erected and ordering its removal.

We disagree.

In his *Appalachian* dissent, Judge Lewis stated that

> [r]ead together, [N.C. Gen. Stat. §§ 136-130 and 136-133] grant the Department the authority to grant new permits, to revoke existing permits, and to promulgate rules and regulations for this purpose. . . . I do not agree [with the majority] that the Department can only regulate signs "permitted" under N.C.G.S. sections 136-129, 136-129.1, [and] 136-129.2. The Department is given, both directly and implicitly, the authority to determine

OUTDOOR EAST v. HARRELSON

[123 N.C. App. 685 (1996)]

which signs meet the requirements set forth in these sections and which signs do not. The power to make this determination in essence is the power to regulate.

*Appalachian*, 120 N.C. App. at 79, 460 S.E.2d at 891 (emphasis in original.) Accordingly, Judge Lewis concluded the Department of Transportation (DOT) had regulatory power over the nonconforming billboard at issue therein, despite its location in a noncommercial/nonindustrial area, and thus DOT was authorized to revoke the permit of Appalachian Poster Advertising pursuant to N.C. Admin. Code tit. 19A, r. 2E.0210(6) and (12) ("Any valid permit issued for a lawful outdoor advertising structure shall be revoked by the appropriate district engineer for any one of the following reasons: . . . . (6) [any] alterations to a nonconforming sign . . . and (12) abandonment, destruction, or discontinuance of a sign . . . .").

We find persuasive respondent's contention that the language of Judge Lewis' dissent does not simply address conversion of "grandfathered" billboards into new billboards, but rather speaks to "DOT's regulatory authority over *all* nonconforming signs in noncommercial/nonindustrial areas." Moreover, because we have previously determined the "dispositive issue . . . [of] whether DOT was authorized to regulate petitioner's nonconforming sign, located in a noncommercial/nonindustrial area and in existence prior to enactment of the [Outdoor Advertising and Control Act,]" to be "nearly identical" to the issue resolved by *Appalachian, see Outdoor East* (COA94-1303, filed 6 August 1996), petitioner's attempt to distinguish the two cases is unfounded. Therefore, in that our Supreme Court adopted Judge Lewis' dissent in *Appalachian*, we conclude herein that DOT had the authority to revoke petitioner's permit pursuant to N.C. Admin. Code tit. 19A, r. 2E.0210(9) ("Any valid permit . . . shall be revoked for . . . (9) unlawful violation of the control of access on interstate, freeway, and other controlled access facilities."), and that the trial court erred in concluding as a matter of law that DOT lacked such authority.

Petitioner nonetheless asserts a contention raised in its cross-appeal, *i.e.*, that "the trial court erred in finding that petitioner's outdoor advertising permit can be revoked based on the illegal conduct of its advertiser's employees." This contention cannot be sustained.

In *Whiteco Industries, Inc. v. Harrelson*, 111 N.C. App. 815, 434 S.E.2d 229 (1993), *disc. review denied and appeal dismissed*, 335

N.C. 566, 441 S.E.2d 135 (1994) ("Whiteco I"), the trial court awarded petitioner counsel fees pursuant to N.C. Gen. Stat. § 6-19.1 based upon its determination that respondent DOT was not substantially justified in revoking petitioner's outdoor advertising permit. *Id.* at 817, 434 S.E.2d at 231. However, this Court reversed, holding "DOT was [indeed] substantially justified in revoking petitioner's permit," because petitioner, owner of the billboard, had violated N.C. Admin. Code tit. 19A, r. 2E.0210(8) when employees of its advertiser unlawfully destroyed ten trees on the highway right of way in front of the sign. *Id.* at 821, 434 S.E.2d at 234. "To accept [petitioner's] argument" that it should not be found responsible for its advertiser's employees' violation of the regulation, the Court continued,

> would be tantamount to inviting circumvention of the law, and we reject it. Petitioner's responsibility to abide by DOT's requirements . . . did not end when it leased billboard space to a third party, and it is not excused when an agent of the third party violates those requirements.

*Id.* at 821, 434 S.E.2d at 233. *See also* companion case of *Whiteco Industries, Inc. v. Harrington*, 111 N.C. App. 839, 844, 434 S.E.2d 234, 237 (1993), *disc. review denied and appeal dismissed*, 335 N.C. 565, 441 S.E.2d 135 (1994) ("*Whiteco II*") (substantial justification for permit revocation existed upon violation of N.C. Admin. Code tit. 19A, r. 2E.0210(9) by employee of advertiser who crossed control of access fence).

Petitioner's arguments notwithstanding, the foregoing cases cannot be distinguished from that *sub judice*, nor do we find merit in petitioner's assertion that language in the *Whiteco* opinions holding a sign owner responsible for actions of employees of the owner's advertisers "is dicta which can, and should, be rejected by this Court." As in *Whiteco I* and *Whiteco II*, petitioner herein had the

> responsibility to abide by DOT's requirements . . . [which] did not end when it leased billboard space to a third party, and it is not excused when an agent of the third party violates those requirements.

*See Whiteco I* at 821, 434 S.E.2d at 233. Accordingly, *see In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher

BYERS v. N.C. SAVINGS INSTITUTIONS DIVISION

[123 N.C. App. 689 (1996)]

court.") (citations omitted), we hold the trial court properly ruled "petitioner's [outdoor advertising] permit can be revoked" based upon the illegal conduct of its advertiser's employees.

Based on the foregoing, we affirm that portion of the trial court's order determining petitioner's permit subject to revocation in consequence of illegal acts by employees of its advertiser. However, the judgment of the trial court decreeing that the "final decision of respondent . . . was not made in accordance with the statutory authority contained in N.C. Gen. Stat. § 136-126 *et. seq.*" is reversed. Further, this Court's opinion in *Outdoor East v. Harrelson* (COA94-1303, filed 6 February 1996) is vacated.

Affirmed in part; reversed in part.

Judges EAGLES and LEWIS concur.